## Crawford *versus* Burrell Township.

| 53 | 219 |
| 129 | 356 |

1. The property of a married woman is not relieved from taxation for bounties, by the exemption of her husband on account of military service.

2. The exemption of the soldier is a personal privilege, and does not exempt the wife of a living soldier.

ERROR to the Court of Common Pleas of *Westmoreland county*.

This was an amicable action entered July 13th 1866 between the school directors of Burrell township and R. P. Crawford, in which the following case was stated for the opinion of the court:—

"In the month of June 1865, the school directors of Burrell township levied and assessed 2 per cent. on the adjusted valuation of the taxable property in the said township, in pursuance of the Act of Assembly for the payment of bounties to volunteers. The defendant, R. P. Crawford, was intermarried with Sarah E. Arnold, who was the owner of a tract of land in said township, on which the school directors of the township levied and assessed 2 per cent. on the valuation thereof, for the payment of bounties to volunteers.

"R. P. Crawford entered the service of the United States and served in the army from the 10th February 1862 until May 1st 1865, when he resigned, and his resignation was accepted by the War Department.

"If the court should be of opinion that the said tract of land is liable to pay bounty tax under the laws of this Commonwealth, the judgment to be entered in favor of the plaintiff in the sum of $188, with costs of suit; but if the court be of opinion that the said land was not liable to the payment of bounty taxes, then judgment to be entered for the defendant, with costs."

The court entered judgment for the plaintiff; which was the error assigned.

*H. D. Foster* and *J. A. Logan*, for plaintiff in error, cited Stokely *v*. Boner, 10 S. & R. 256; Burd *v*. Ramsay, 9 Id. 112; Bear *v*. Bear, 9 Casey 525; Petit *v*. Fretz, Id. 118; Walker *v*. Reamy, 12 Id. 410; Leg. and Eq. Rights of Married Wo[men], § 262; 2 Blk. Com. 55, 127.

[Crawford *v.* Burrell Township.]

*Marchand & Turney*, for defendants in error, cited Spangler *v.* York County, 1 Harris 322; Act of March 25th 1864, Pamph. L. 85; Act of April 29th 1844, § 41, Pamph. L. 501.

The opinion of the court was delivered, November 14th 1866, by

AGNEW, J.—The single question in this case is, whether the real estate of a married woman is relieved from taxation for bounty purposes by the exemption of her husband on account of his military service. We think it is not. The exemption of the soldier is his personal privilege. The same section which exempts him also exempts the property of widows, minor children and the mothers of soldiers dying in service; but it does not exempt the wife of the living soldier. Taxation is an act of sovereignty, to be performed so far as it conveniently can be with justice and equality to all. Exemptions, no matter how meritorious the cause, are of grace, and must be strictly construed.

Mrs. Crawford is the owner of the land upon which the tax was assessed. She has a fee simple over and above the curtesy of her husband. This is liable to taxation; and whether it was properly valued in making the assessment is not now a question, that being the subject of an appeal and correction before the final levy of the tax. The power of the school board, under the 7th section of the Act of 25th of March 1864, is to levy and assess on all *property*, professions, trades and occupations subject to taxation for state and county purposes.

This accords with the provisions of the 29th and 30th sections of the School Law of 8th May 1854. Then, by the 32d section of the Act of 29th April 1844, all real estate, to wit, houses, *lands*, &c., shall be valued and assessed, and subject to taxation for all state and county purposes. The Acts of 15th April 1834 and 15th May 1841, require just and perfect lists of the names of all taxable persons, and of all subjects taxable by law, to be returned by the assessors, and on these lists the taxes are levied and assessed. It is not to be doubted therefore that the property of Mrs. Crawford is taxable for state and county purposes, and therefore for school and county purposes. If the curtesy estate of her husband is exempt by reason of military service, it is his duty to see that her estate is valued accordingly.

We discover no error in the judgment, and it is therefore affirmed.