COMMONWEALTH v. ARROTT MILLS CO.     | 145    69
29 SC  414

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY.

Argued June 2, 1891—Decided June 12, 1891.

A company incorporated for the purpose of " manufacturing steam, and supplying the same to the buildings and real estate owned " by it, whose

sole business consists in furnishing space and steam power to its tenants manufacturing goods on their own account, is not exempt from taxation upon its capital stock by virtue of § 20, act of June 30, 1885, P. L. 199, and § 21, act of June 1, 1889, P. L. 431.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 41 May Term 1891, Sup. Ct.; court below, No. 166 March Term 1891, C. P.

On February 6, 1891, from the settlement of an account by the auditor general and state treasurer against the Arrott Steam-Power Mills Company, of Philadelphia, for tax on capital stock, under § 4, act of June 7, 1879, P. L. 114, and § 21, act of June 1, 1889, P. L. 429, for the year ending the first Monday of November, 1889, the company filed an appeal and specifications of objections.

The cause having been heard on a submission to the court, without a jury, under the act of April 22, 1874, P. L. 109, the court, McPHERSON, J., on April 13, 1891, filed the following decision :

### FINDINGS OF FACT.

1. The defendant is a corporation of this commonwealth, chartered in the year 1883, for the purpose of "manufacturing steam, and supplying the same to the buildings and real estate owned by said corporation:" P. L. (1885) 342.

2. During the tax year ending the first Monday of November, 1889, it had a capital stock of $375,000, upon which two dividends, each of two per cent, were declared. The appraisement required by law was thereupon made by its president and treasurer, and the capital stock was valued at $187,500. Upon this valuation, the auditor general and state treasurer settled an account for $562.50, being the three mills tax under § 4, act of June 7, 1879, P. L. 114, and § 21, act of June 1, 1889, P. L. 429. The defendant appealed, claiming to be a corporation organized exclusively for manufacturing purposes, and actually carrying on manufacturing within the state ; and therefore exempt from tax upon its capital stock by virtue of § 20, act of June 30, 1885, P. L. 199, and the last proviso of § 21, act of June 1, 1889, P. L. 431.

Decision of Court below.

3. The business done by the defendant is of the following kind : It owns four or five buildings in the city of Philadelphia, adapted for use, and actually used, by persons engaged in manufacturing. It places and operates in each building a steam engine and boilers, and connects therewith a system of shafting, which runs through the rooms used for manufacturing purposes. These rooms are rented by twenty separate tenants, who are engaged in manufacturing on their own account, and who furnish and own all the other machinery used in the various processes of production, obtaining the necessary power to operate this machinery by attaching belts to the defendant's shafting.

Each tenant pays to the defendant a certain sum per year, in return for which he has the right to occupy a room or rooms, and to receive and use the power produced and transmitted by the defendant's engines, boilers and shafting. No space in the buildings is rented without power, and power is never furnished except to the tenant of a rented space. The defendant has no interest in the raw materials of the various manufactures, or in the finished products. Its sole business consists in furnishing space and power to others, by whom the actual processes are conducted on their own account; and its whole income is derived from the sums which it receives for the use of its real estate, and of the power which it produces and transmits.

4. The evidence does not enable us to find how much of the capital stock is invested in real estate and how much is invested in the machinery which produces and transmits the power.

CONCLUSIONS OF LAW.

It seems quite clear to us, that the defendant is not a manufacturing company within the exemption, either of the act of 1885 or of°the act of 1889. The word "manufacturing" is indeed used in its charter, and its appeal is supported in part by the argument that it manufactures steam, but the presence of the word is certainly not conclusive. The character of the company depends upon the business which it actually does, and not simply upon the name which it bears. Does it "manufacture" steam ? We have recently decided in Commonwealth v. U. S. Elec. Light. Co., 7 Pa. C. C. R. 90,* that an electric-

---

* See Commonwealth v. Light & Power Co., post, 105.

light company does not manufacture either electricity or light, and there are some obvious analogies between that case and this; but there is here a difference of importance, because the defendant does not sell even the steam, which for the present we may regard it as manufacturing. It does not produce steam to be sold. It generates and itself uses it as an incident, although a necessary incident to what after all is its principal business, viz., the production and sale of power; and this power it is which is sold, and not the steam. Without repeating the argument of Judge Simonton, in the case just cited, we refer to it for the reasoning and authorities which justify us in holding that a corporation which simply produces and sells power, is not a manufacturing company in the sense of our acts of assembly.

But the company defendant furnishes space as well as power, and contends that, because both are necessary and both are actually used in manufacturing processes, it is itself engaged in manufacturing. This argument, however, overlooks the fact that the defendant has sold both the space and the power to others, and has received its price therefor. So far as it is concerned, the transaction would appear to be closed at that point, before the actual manufacturing begins. What the purchasers choose to do with the property or the privileges for which they have paid, is no longer of importance to the defendant, and cannot determine the nature of its business. It is quite true that if a single corporation owned the buildings and machinery and carried on the actual manufacturing process, no separation would be made between the capital stock invested in the buildings and the capital stock invested in the rest of the business. It would all be treated as employed in manufacturing, and would all be exempt from state taxation. But, when a separation in fact exists, when the space and the power have actually been severed from the process, we must deal with the situation thus created. Here, one person owns merely the building, engine, and shafting; another owns the raw material, the machinery directly employed in production, the finished product, the profits, and the good-will. If the former is engaged in manufacturing, in the same sense as is the latter, so is any landlord who rents a building in which manufacturing is carried on by his tenant, and so is any person who sells coal for

the manufacturer's engine, or raw material for any stage of the process.

Our conclusion, (which is one both of fact and of law,) is that the defendant is not a manufacturing company within the meaning of § 20 of the act of 1885, or of the last proviso of § 21 of the act of 1889.

The commonwealth is entitled to recover as follows:

| | |
|---|---:|
| Principal, | $562 50 |
| Interest at 12 per cent., from Aug. 31, 1890, to April 14, 1891, | 42 18 |
| Attorney general's commission, | 28 12 |
| Total, | $632 80 |

for which amount we direct judgment to be entered, if exceptions are not filed according to law.

—To the foregoing decision, the defendant company filed exceptions alleging that the court erred:

1. In holding " that the defendant is not a manufacturing corporation within the meaning of § 20 of the act of 1885, or of the last proviso of § 21 of the act of 1889." [1]

2. In not holding the defendant corporation to be a manufacturing corporation, and, therefore, relieved from taxation upon its capital stock by the twentieth section of the revenue act of 1885, and the last proviso of § 21 of the revenue act of June 1, 1889. [2]

5. In directing judgment to be entered in favor of the commonwealth for $632.80. [5]

6. In not directing judgment to be entered for defendant. [6]

— After argument thereof, the court, McPHERSON, J., on April 29, 1891, dismissed said exceptions, and directed judgment to be entered in accordance with the decision filed. Thereupon the defendant took this appeal, specifying, inter alia, that the court erred:

1, 2. In overruling defendant's exceptions. [1] [2]

5, 6. In overruling defendant's exceptions. [5] [6]

*Mr. M. E. Olmsted* (with him *Mr. S. Davis Page, Mr E. P. Allinson* and *Mr. Boies Penrose*), for the appellant.

*Mr. W. U. Hensel,* Attorney General, (with him *Mr. Jas. A. Stranahan,* Deputy Attorney General,) for the appellee.

PER CURIAM:

The appellant seeks to avoid taxation upon the ground that it is a manufacturing company. The learned judge below held that it was not engaged in manufacturing, and upon the facts found by him we think he was right. It is true, the company calls itself a manufacturing company, and its charter declares its purpose to be " manufacturing steam, and supplying the same to the buildings and real estate owned by said corporation."

There is little in a name ; and the corporation must be measured, not by what it calls itself, but what it does. Tested by this rule, we find it to be merely a landlord supplying its tenants with steam power, in order to enable it the more readily to rent its buildings and rooms. It is not a manufacturer or producer of anything, and has no claim to exemption from taxation as a manufacturing corporation.

Judgment affirmed.