## Commonwealth, Appellant, *v.* Cover.

*Taxation—Mercantile tax—Manufacturers—Tanners—Exemption.*

Where a tanner concedes that he manufactures leather in Virginia, and sells it in a store in Pennsylvania, the commonwealth has a prima facie right to the mercantile tax upon the whole volume of the business, and the burden of showing that any portion of the sales is exempt, rests upon the tanner. The fact that the leather is cut in the store into various sizes and pieces, but not manufactured into any complete article, does not exempt from taxation the leather thus treated, on the ground that it was manufactured into articles for sale.

Argued Oct. 11, 1905. Appeal, No. 143, Oct. T., 1905, by plaintiff, from judgment of C. P. No. 3, Phila. Co., March T., 1905, No. 3703, on verdict for plaintiff in case of Commonwealth v. Thomas Cover, Loring A. Cover and Henry E. Drayton, trading as Cover & Drayton. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Case stated to determine liability for collateral tax.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for plaintiff for $161.50 only.

*Ira Jewell Williams*, with him *Franklin L. Lyle* and *Hampton L. Carson*, attorney general, for appellant.—Appellees are not exempt from the mercantile license tax because they have a

warehouse apart from the factory for the purpose of vending goods : Com. v. Campbell, 33 Pa. 380 ; Com. v. Potter, 159 Pa. 583 ; Com. v. Bailey, Banks & Biddle Co., 20 Pa. Superior Ct. 210 ; Com. v. Beener, 3 Kulp, 351 ; Com. v. Melley, 2 Kulp, 86 ; Com. v. Bickings, 3 Kulp, 346 ; Del. & Hudson Canal Co.'s Case, 8 Pa. C. C. Rep. 496 ; Com. v. Robb, 14 Pa. Superior Ct. 597.

The business done at Third and Callohill streets is not manufacturing : Com. v. Percival, 11 Pa. Superior Ct. 608 ; Com. v. Robb, 14 Pa. Superior Ct. 597 ; Com. v. Arrott Mills Co., 145 Pa. 69 ; Com. v. Keystone Laundry Co., 203 Pa. 289 ; Com. v. Light & Power Co., 145 Pa. 105.

*William Drayton*, for appellee—Manufacturing was done at Third and Callowhill streets. The raw material leather was there reduced to " bends," " backs," " crops," " men's heelings," " women's heelings," and similar articles or wares which are sold to the trade under these names and realize a higher price than the raw material and upon which several trained workmen are employed : Lawrence v. Allen, 48 U. S. 785 ; Seeberger v. Castro, 153 U. S. 32 (14 Sup. Ct. Repr. 766) ; Holden v. Clancy, 58 Barb. 590 ; Bailey v. Schell, 5 Blatchford, 195 ; Stockwell v. U. S. 3 Cliff. 284 ; Carlin v. Assurance Co., 57 Md. 515 ; New Orleans v. LeBlanc, 34 La. Ann. 596 ; U. S. v. Hathaway, 71 U. S. 404 ; U. S. v. Quimby, 71 U. S. 408 ; Foppes v. Magone, 40 Fed. Repr. 570 ; Engle v. Sohn, 41 Ohio, 691 ; Tecopa Mining & Smelting Co., 110 Fed. Repr. 120 ; Landgraf v. Kuh, 188 Ill. 484 (59 N. E. Repr. 501) ; New Orleans v. Ernst, 35 La. Ann. 746 ; Attorney-General v. Lorman, 59 Mich. 157 (26 N. W. Repr. 311).

All manufacturers who bestow care, skill or labor upon the articles manufactured and sold by them are exempt from the payment of a mercantile tax if the goods are sold at the manufacturing establishment. Of course, if any of the persons buy and sell goods manufactured by other persons, and upon which they do not bestow their own skill and labor, they would then become dealers in goods, wares and merchandise to the extent of the sales outside of their manufactured product : New Mercantile Tax Law, 9 Pa. Dist. Rep. 117 ; Com. v. Campbell, 33 Pa. 380 ; Norris v. Com., 27 Pa. 494 ; Com. v. Stilz, 5

Pa. Dist. Rep. 673; Com. v. Gormly, 173 Pa. 586; Com. v. Teller, 144 Pa. 545; Com. v. Ice Co., 23 Pa. Superior Ct. 267; Com. v. Canfield Co., 7 Dauph. Co. Rep. 195; Mercantile Tax Law, 23 Pa. C. C. Rep. 369; Com. v. Coke Co., 157 Pa. 507; Com. v. Potter, 159 Pa. 583.; Com. v. Bailey, Banks & Biddle Co., 20 Pa. Superior Ct. 210; Com. v. Davis, 11 Pa. Dist Rep. 427; Com. v. Crum Lynne Iron & Steel Co., 27 Pa. Superior Ct. 508; Commonwealth v. Savage Fire Brick Co., 157 Pa. 512; Commonwealth v. Nat. Oil. Co., 157 Pa. 516; Commonwealth v. Pottsville Iron & Steel Co., 157 Pa. 500.

OPINION BY MORRISON, J., November, 20, 1905:

This was a case stated in the court below wherein the commonwealth claimed judgment for mercantile license tax for $452.26. The court below entered judgment for $161.50 and thereupon the commonwealth appealed.

From the case stated we learn that the defendants operate tanneries in Virginia and West Virginia, where they tan raw hides and manufacture them into leather, and each hide when thus tanned is cut from front to back in two equal pieces of leather known as sides. This leather is shipped to the defendants' place of business at Third and Callowhill streets, Philadelphia, where they store and sell a large quantity each year, the amount realized therefrom during the year in question being $897,526.86. Of this a portion amounting in value to $253,984.31 was sold without making any change in its character. The balance of the leather amounting to $643,542.55, is treated, as may be ordered by customers from time to time, as follows: a portion of the sides of leather are cut into two pieces and the other portions cut into such pieces as the customers may require. The various pieces of leather known as shanks, shins, men's whole heeling, men's and women's half heeling, bends, backs, crops, shoulders, bellies, heads and butts are sold under these designations to customers at Third and Callowhill streets.

The defendants have not appealed from the judgment of the court and do not here deny that they are engaged in the sale of leather in their store in Philadelphia, which is away from the places where the leather is manufactured, and they concede their liability to pay a mercantile tax upon all of the leather

sold as sides.    Their contention is that the balance of the leather is manufactured into the various articles named as above set forth, and as to it, they claim exemption.

Having conceded that they are engaged in the sale of their manufactured goods in a store away from the place where the leather was manufactured gives the commonwealth a prima facie right to the mercantile tax upon the whole volume of business, and the burden of showing that any portion of the sales is exempt, rests upon the defendants.

On the conceded facts in this case we need not take time to refer to and discuss the various acts of assembly under which the commonwealth claims the mercantile tax of $452.26.   Unless some portion of the leather sold during the year in question is exempt, the judgment in the court below should have been for $452.26 instead of $161.50.   See Commonwealth v. Bailey, Banks & Biddle Co., 20 Pa. Superior Ct. 210, and Commonwealth v. Thomas Potter, Sons & Co., 159 Pa. 583.

A careful examination of the case stated does not disclose to us the manufacture of a single article, at the defendants' store in Philadelphia, where the sales were made.   We are not convinced that the defendants sold anything but leather, and it being sold in a store separate and apart from the place where it was manufactured, the defendants are clearly liable to pay the mercantile tax provided by the Act of May 2, 1899, P. L. 184.   It seems to us idle to argue that cutting a hide into two sides and selling it is materially different, in principle, from cutting it into four, six or more pieces, so long as no manufactured or completed article is made out of any of these pieces. The men's and women's heeling are simply strips of leather and it is not pretended that a single heel is manufactured or finished. The bends, backs, etc., above enumerated, are simply pieces of leather cut for the convenience of purchasers, but not one of them is manufactured into a finished article.   The defendants bring into their store from the Virginias leather and they sell leather and nothing else.

The learned counsel for the defendants states his position thus : " 1. What is a manufacture?   2. What is the law applicable to the condition of affairs set forth in the case stated ? " He then cites from the Century Dictionary as follows :

" 1. Manufacture, N. (Latin, manus facio.)   The operation

of making goods or wares of any kind, the production of articles for use from raw or prepared material by giving to these materials new forms, qualities, properties or combinations, whether by hand labor or machinery: used more especially of production in a large way by machinery or by many hands working cooperatively.   2. Anything made for use from raw or prepared materials."

Webster defines it as follows: "Manufacture, n. c. (Latin, manus, the hand; facio, to make.)   1. Operation of making wares of any kind, the process of reducing raw material to a form suitable for use by the hands, by art or machinery. 2. Anything made from raw material by the hand, by machinery, or by art, as clothes, iron utensils, shoes, cabinet work, saddlery, or the like."

It is then argued that what was done in the defendants' store comes within these definitions but we are utterly unable to agree with this contention.   It seems to us that the definitions cited by the counsel put him out of court.   If cutting the sides of leather into pieces and selling it is manufacturing, then it would seem that the clerks in dry goods stores are manufacturers when they cut the silk or other dry goods into such pieces as the customer may desire.

We have examined with some care the authorities cited by the counsel for the defendants and they do not convince us that any of the leather sold at the store in Philadelphia can be exempted on the ground that it was manufactured into articles for sale.   The defendants are manufacturers of leather but this is done in the Virginias.   A dealer keeps large panes of glass and cuts therefrom such sized pieces as the purchaser thereof desires.   Who is the manufacturer?   Is it he who makes the glass or he who cuts it into two or more pieces?   In Commonwealth v. Percival, 11 Pa. Superior Ct. 608, it was held as stated in the syllabus: "A jeweler who assembles the parts of watches and puts them together and peddles them from place to place offends against the Act of April 2, 1830, P. L. 147, sec. 2, and is liable to indictment thereunder.   He is not a manufacturer within the contemplation of the act."   In that case it is stated in the opinion: "A manufacturer, as defined by Bouvier, is 'one engaged in the business of working raw materials into wares suitable for use.'   This definition is practically recognized

in Commonwealth v. Gormly, 173 Pa. 586." See also Commonwealth v. Robb, 14 Pa. Superior Ct. 597. That the mere application of labor to materials is not always manufacturing is shown by Commonwealth v. Arrott Mills Co., 145 Pa. 69, where supplying power was held not to be manufacturing, and Commonwealth v. Keystone Laundry Co., 203 Pa. 289, where washing, starching, bleaching and ironing were held not to constitute manufacturing.

It is well settled that when a tax is clearly imposed by a general act, anyone claiming exemptions must show clearly that such exemption exists. The principle as stated in Cooley on Taxation, 146, is this : " The intention to exempt must in any case be expressed in clear and unambiguous terms ; taxation is the rule, exemption is the exception. All exemptions are to be strictly construed. They embrace only what is within their terms." To the same effect is Academy of Fine Arts v. Philadelphia County, 22 Pa. 496, where it is said: "No interests falling within the general description of taxable property, can claim exemption from bearing their just proportion of public charges, unless the exemption be so clearly expressed in the statute as to admit of no other construction." See Commonwealth v. Light & Power Co., 145 Pa. 105.

The defendants have not met this burden. They are manufacturers of leather in the Virginias and they are sellers of leather in their store or warehouse in Philadelphia. They might manufacture finished articles of this leather in Philadelphia, but what we decide is that the case stated fails to show any such manufacture there.

The assignments of error are sustained, the judgment is reversed, and judgment is now entered in favor of the commonwealth for $452.26, with interest from June 5, 1905.

RICE, P. J., and ORLADY, J., dissent.