Opinion by
Head, J.,
The plaintiff borough filed a municipal hen to recover the amount of benefits assessed by a board of viewers against the land of the defendant resulting from the grading and paving of a street on which the said land abutted. The defendant claims that the land, thus sought to be subjected to the lien, is a place “of burial not used or held for private or corporate profit,” and is therefore within the class exempted from such municipal claim under the provisions of the Act of June 4, 1901, P. L. 364, enacted in pursuance of art. IX, sec. 1, of the constitution. In determining the soundness of such claim for exemption, the statute creating an exempt class must be strictly construed against the claimant. If his right to the exemption be doubtful, the doubt must be resolved in favor of the state or the municipality in obedience to that fundamental principle of government which requires that the burdens of taxation be equally borne by all: Cooley on Taxation, 146; Academy of Fine Arts v. Philadelphia, 22 Pa. 496; Com. v. Cover, 29 Pa. Superior Ct. 409.
*347 Interpreting the act of 1901 in the light of the principle stated, has the defendant brought itself clearly and plainly within the exempted class? The land covered by the hen is a tract of about eight acres purchased some years ago by the defendant church. The latter still owes a considerable portion of the purchase money. In addition to that it expended a large sum in grading or otherwise improving the property. Since its purchase the land has been continuously used as a burial ground for the sepulture chiefly of members of the congregation, although not exclusively so. Burial lots have been sold and the right of sepulture is confined to the owners of these lots. Down to the time of the trial it appeared that although the major portion of the property had thus been sold in burial lots, the proceeds of the said sales had not been sufficient to pay the cost of maintenance, the interest on the outstanding debt, or bring about a reduction of its principal. The proceeds of lot sales and of other revenue, if any, derived from this tract, were paid into the general treasury of the church where they mingled with its general funds and were used by it for church purposes. The church in turn, supplied from the same treasury the money necessary to maintain the cemetery property, to pay the interest on the outstanding debt and pay any portion of the principal, if any, that may have been paid. Do these facts necessarily lead to the conclusion that the property was a place “of burial not used or held for private or corporate profit?”
Certainly such conclusion cannot rest on the proposition that down to this time the revenue from the property has not exceeded in amount what it has cost to purchase and maintain it. So much seems to be conceded. But it is strenuously urged upon us that the evidence shows the property was not purchased as an investment but only and solely to be used as a place of burial. But it is to be observed that the status of this property, within or without the exempted class created by the statute, cannot be determined by the mental attitude of those who bought it. Their intention to use it only as a place of burial, if it *348 then, existed, has in no way been stamped upon the property or the title by which it is held. No irrevocable dedication of the property to burial purposes has ever been made. No trust of any character has been seated upon its ownership. Its title does not reside in a corporation created solely and exclusively for the purpose of maintaining a place of burial and bound to devote its revenues to that purpose alone. The defendant congregation is the absolute unqualified owner in fee simple of the land. It may, for anything shown in this record, to-morrow double the prices at which it will sell burial lots and thus produce a corresponding change in its financial condition. It may, without the violation of any trust or the breach of any condition or covenant incident to its ownership, close* the property for burial purposes, and sell the land it still holds at any price it may be able to receive, and put the proceeds of such sale in its church treasury to be used, with other revenues of the church, for purposes wholly apart from the existing cemetery..
In the light of these considerations we feel forced to accept as sound the conclusion reached by the learned court below whose opinion, directing the entry of judgment non obstante veredicto in favor of the plaintiff, shows that he was unable to distinguish the present case in any material respect from that of Brown v. Pittsburg, 1 Mona. (Pa.) 8. The material facts of that case, as stated in the opinion of President Judge Stowe, approved by the Supreme Court, are practically identical with those exhibited by the present record. We are unable to find. any satisfactory distinction between that case and this that would enable us to escape the controlling force of that authority. For these reasons and those well stated in the opinion of the learned court below, we must hold that the defendant has not shown a case which clearly brings its property within the exempted class created by the act of 1901. The assignments of error are overruled.
Judgment affirmed.