## Pancoast's Estate.

*Inheritance transfer tax—Lineals and collaterals—Children of stepchildren—Acts of June 20, 1919, and May 4, 1921.*

Under the Inheritance Transfer Tax Act of June 20, 1919, P. L. 521, as amended by the Act of May 4, 1921, P. L. 341, children of decedent's stepchildren are not relieved from the payment of collateral inheritance tax, and their interests in the estate are, therefore, subject to the tax of 10 per cent. imposed by the latter act.

Exceptions to adjudication.  O. C. Phila. Co., Jan. T., 1922, No. 409.

*William A. Wiedersheim,* for exceptions.

*William M. Boenning,* contra.

LAMORELLE, P. J., April 28, 1922.—Sarah F. Hurley Pancoast died June 19, 1921.  Among other things, she bequeathed and devised one-fourth of her residuary estate to Anna D. Pancoast Doriss absolutely, if living, and if deceased, directed that the same should be divided among her issue then living *per stirpes.*

Anna D. Pancoast Doriss, who was a stepdaughter, predeceased Sarah F. Hurley Pancoast.  She left her surviving two children, both minors, represented by a guardian appointed by this court.

In distributing the estate the auditing judge awarded the shares of the minors, subject to the payment of inheritance transfer tax at the rate of 10 per cent.

To this ruling the guardian excepted, and the correctness of the auditing judge's ruling is now before the court.

Prior to the passage of the Act of June 20, 1919, P. L. 521, amended by the Act of May 4, 1921, P. L. 341, this court had ruled that descendants of the children of a former husband or wife were not exonerated from the payment of collateral inheritance tax, deciding that the wording of the Act of April 22, 1905, P. L. 258, limited the exemption to "the children of a former husband or wife," and that a descendant of such child was not within the purview of the legislation: Estate of Jacob Bossert, No. 429, October Term, 1902, adjudication confirmed *nisi* April 13, 1914.

Admitting this, the exceptant contends that the wording of the recent acts is such that the manifest intent, as expressed, is to carry the exemption to the

1 D. & C.

descendants of such child or children, and this argument is emphasized by the omission of the word "and" preceding "lineal descendants born in lawful wedlock."

The argument is neither persuasive nor convincing. The Act of May 6, 1887, P. L. 79, which is in effect a codification of previous laws, provides that all estates passing from a person seized or possessed thereof shall be subject to a tax of $5 on every $100 to any person ". . . other than to or for the use of father, mother, husband, wife, children and lineal descendants born in lawful wedlock. . . ." This act would have the same legal effect had the word "children" been omitted. "Lineal descendants born in lawful wedlock" necessarily embraces children. The standard text-books define descendants to mean children, children of children, children of children's children to the very remotest degree. The framers of the act have followed earlier legislation. It is possible that at some time a doubt may have existed as to whether or not the use of the bald term descendants was legally sufficient to cover children. Be that as it may, the word "and" is without value; the meaning is the same when we say "children," "lineal descendants born in lawful wedlock," etc., etc.

The Act of June 20, 1919, P. L. 521, imposes a tax of 2 per cent. upon the clear value of property "passing to or for the use of father, mother, husband, wife, children, lineal descendants born in lawful wedlock, . . . children of a former husband or wife, . . ." If we intelligently follow the argument of the exceptant, "lineal descendants born in lawful wedlock" form a separate and distinct class. If such be the fact, the words necessarily apply to lineal descendants of the testator, because the tax is on the estate passing from him. The context shows that this language has regard to children of a former husband or wife alone, because their issue are not lineal descendants of testator at all, nor is there any law or any decision which rules that they are to be so treated.

The language of the present Chief Justice in Miles's Estate, 272 Pa. 329, 339, discussing the present intestate act: "And when the statute under consideration is a general revision, 'the law, as therein written, will be deemed to be the same as it stood prior to the revision, unless we find from the statute itself, or its history, a clear intention to change it:' In re Lis's Estate, 139 N. W. Repr. 300, 302, and cases there cited; see, also, authorities in 36 Cyc. 1223," is peculiarly in point with reference to the matter now before the court. There is no evil to be remedied. There is no demand for exemption of such descendants, nor is there anything in the act which would justify an extension of the law as it stood prior to its revision.

Turning again to the Act of June 20, 1919, P. L. 521, as amended by the Act of May 4, 1921, P. L. 341, we note that the tax imposed is at the rate of 10 per cent. upon the clear value of the property passing to or for the use of any other person or persons. Surely a child, grandchild or any descendant of a child of a former husband or wife comes in the category "any other person." But one meaning can be attached to the words "any other person or persons;" that is, some one not in terms embraced among those who pay tax at the rate of 2 per cent.

"The intention to exempt must in any case be expressed in clear and unambiguous terms; taxation is the rule, exemption is the exception. All exemptions are to be strictly construed. They embrace only what is within their terms:" Cooley on Taxation, 146, approved in Com. v. Cover, 29 Pa. Superior Ct. 409.

Again: "Language which relieves from taxation is to be strictly construed: Academy v. Philadelphia County, 22 Pa. 496; Miller v. Kirkpatrick, 29 Pa.

Pancoast's Estate.

226; Crawford v. Burrell Township, 53 Pa. 219:" Com. v. Lackawanna I. & C. Co., 129 Pa. 346, 356.

And, again, as is said by Judge Head in Mount Oliver Borough v. First German Evangelical Lutheran Congregation, 51 Pa. Superior Ct. 343, at page 346: "In determining the soundness of such claim for exemption, the statute creating an exempt class must be strictly construed against the claimant. If his right to the exemption be doubtful, the doubt must be resolved in favor of the State or the municipality in obedience to that fundamental principle of government which requires that the burdens of taxation be equally borne by all. . . ."

Children of a former husband or wife do not themselves inherit. Their exemption from tax, or their treatment as in the 2 per cent. rather than the 10 per cent. class in the present acts, is purely legislative, and whatever may be the reason for the legislation, it was manifest that neither the legislature nor the courts intended to confer immunity upon their descendants.

In our judgment, no interpretation other than that given by the auditing judge was possible, and, therefore, all exceptions are dismissed and the adjudication is confirmed absolutely.