## Commonwealth, Appellant, *v.* Bay State Milling Co.

Argued March 24, 1933. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Alexander Cooper,* with him *Herman J. Goldberg,* Deputy Attorney General, and *Wm. A. Schnader,* Attorney General, for appellants.—Bakers are not dealers in or venders of goods, wares and merchandise, but are wholesalers: Norris Bros. v. Com., 27 Pa. 494; Com. v. Campbell, 33 Pa. 380; Com. v. Dressed Beef Co., 245 Pa. 605; Com. v. Lowry-Rodgers Co., 279 Pa. 361; Com. v. Potter, 159 Pa. 583; Com. v. Cover, 29 Pa. Superior Ct. 409; Com. v. Bailey, Banks & Biddle Co., 20 Pa. Superior Ct. 210; Pitts. Brewers' & Bottlers' Supply Co.'s Mercantile Tax, 38 Pa. Superior Ct. 121.

*Mahlon E. Lewis,* of *Alter, Wright & Barron,* for appellee, cited: Pitts. Brewers' & Bottlers' Supply Co.'s Mercantile Tax, 38 Pa. Superior Ct. 121; Atlantic Refining Co. v. Van Valkenburg, 265 Pa. 456; Marsh v. Groner, 258 Pa. 473; Com. v. Greenwood, 205 Mass. 124.

OPINION BY MR. JUSTICE SCHAFFER, May 22, 1933:

Is a milling company which sells flour to bakers in quantities ranging from twenty-five barrels to carload lots of two hundred and forty barrels a wholesaler or a retailer, when it comes to the assessment of mercantile license taxes against it? The answer which springs spontaneously to mind upon hearing the proposition is that it is a wholesaler, because that term undeniably connotes what the company is doing, selling in large quantities,—as a wholesaler. The Commonwealth in effect argues that the universally accepted and understood meaning of the word "wholesale" is not to be applied, that the word has an opposite meaning when employed in the mercantile tax act, that it is to be construed antithetically, that "wholesale" means "retail," that "large" means "small."

The Act (May 2, 1899, P. L. 184, 72 P. S., sections 2621-2624, as amended by the Act of May 10, 1929, P. L. 1709) in its pertinent sections provides: "Section 1. Be it enacted, &c., That from and after the passage of this act,

each retail vender of or retail dealer in goods, wares and merchandise shall pay an annual mercantile license tax of two dollars, and all persons so engaged shall pay one mill additional on each dollar of the whole volume, gross, of business transacted annually. Each wholesale vender of or wholesale dealer in goods, wares and merchandise shall pay an annual mercantile license tax of three dollars, and all persons so engaged shall pay one-half mill additional on each dollar of the whole volume, gross, of business transacted annually. Each dealer in or vender of goods, wares or merchandise at any exchange or board of trade shall pay a mercantile license tax of twenty-five cents on each thousand dollars' worth, gross, of goods so sold. Section 2. And it is provided that all persons who shall sell to dealers in or venders of goods, wares and merchandise, and to no other person or persons, shall be taken under the provisions of this act [to] be wholesalers; and all other venders of or dealers in goods, wares and merchandise shall be retailers, and shall pay an annual license tax as provided in this act for retailers."

For the position which it takes the Commonwealth relies upon the language of the act that "all persons who shall sell to dealers in or venders of goods, wares and merchandise, and to no other person or persons, shall be taken under the provisions of this act [to] be wholesalers; and all other venders of or dealers in goods, wares and merchandise shall be retailers, and shall pay an annual license tax as provided in this act for retailers." The argument is that bakers are manufacturers and not dealers or vendors and, therefore, in selling to them the milling company is not selling to dealers or venders. This leaves out of account that manufacturers may also be dealers and venders. In fact in the broad acceptation of the terms, manufacturers are dealers and venders, because they deal in and vend their own products. Manufacturing companies have been separately classed for tax purposes from other dealers and

venders, because, as such, they are exempt from certain taxes by the taxing statutes. This classification, however, does not take them out of the dealer and vender class for all purposes, and particularly does not do so when it comes to definition and the fixing of the meaning of words as they are usually understood.

To adopt the Commonwealth's view we should have to disregard the rule laid down in Marsh v. Groner, 258 Pa. 473, 478, that "Statutes are presumed to employ words in their popular sense, and when the words used are susceptible of more than one meaning, the popular meaning will prevail." We should have to overlook also what was said in Com. v. Lowry-Rodgers Co., 279 Pa. 361, 366, quoting from the opinion of Judge Rice in Pittsburgh Brewers' & Bottlers' Supply Company's Mercantile Tax, 38 Pa. Superior Ct. 121, "The cases fall very far short of establishing the general proposition that venders of or dealers in goods, wares and merchandise must necessarily mean those, and those only, who carry on the business of selling things previously purchased, in the same form and condition, and not in the form or condition to which they have been changed after passing through some process."

To give the construction to the act for which the Commonwealth contends would be to ignore one of the rules of interpretation laid down by Blackstone (volume 1, page 60) that the effects and consequences of a statute are to be taken into account. "The rule is," he says, "that where words bear......a very absurd signification, if literally understood, we must a little deviate from the received sense of them. Therefore the Bolognian law, mentioned by Puffendorf, which enacted 'that whoever drew blood in the streets should be punished with the utmost severity,' was held after long debate not to extend to the surgeon who opened the vein of a person that fell down in the street with a fit." If the position of the Commonwealth were to be sustained, every great steel company which sells its product in large

quantities to other concerns to be manufactured would be a retailer, every coal mining company vending its coal to a manufacturing company, it matters not in what quantity, would be a retailer, all lumber companies selling their product to those who changed its form by manufacturing would be retailers and so through all the lines of industry. It cannot be possible that the legislative intent was to bring about such a contradiction in terms as that businesses which in common parlance are universally spoken of as wholesale businesses, for the purpose of taxation are to be converted into retailers, and to be taxed under a designation which in fact fits them not at all. The Commonwealth would have the tax levied, not by reason of how the alleged taxable sells his product, but by what his vendee does with it.

In the cases cited by the Commonwealth, Norris Bros. v. Com., 27 Pa. 494, and Com. v. Campbell, 33 Pa. 380, it was held that the concerns against which the tax was sought to be levied were manufacturers and exempt from the dealer's tax because the statute exempted manufacturers. The statute did not eliminate manufacturers from the dealer's class; on the contrary, by expressly excluding them from the operation of a dealer's tax, it recognized that ordinarily they were included in the term "dealers" and would be taxed as such unless specifically exempted. Our prior decisions have recognized that manufacturers are to be classified as dealers where they maintain stores or warehouses apart from their factories: Com. v. Thomas Potter Sons & Co., 159 Pa. 583; Com. v. Cover, 29 Pa. Superior Ct. 409; Com. v. Bailey, Banks & Biddle Co., 20 Pa. Superior Ct. 210.

The conclusion of the court below that the defendant is liable to tax as a wholesaler and not as a retailer is correct.

The judgment is affirmed.