## Brown et al. *v.* Personeni, Appellant.

Argued April 12, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*F. B. Holmes,* for appellant.

*James T. Kitson,* with him *George Garrison Shafer* and *Shull & Shull,* for appellees.

OPINION BY MR. JUSTICE SCHAFFER, May 17, 1937:

The question here presented is whether the service of a writ is good. The court below held the service valid. Defendant appeals under the Act of March 5, 1925, P. L. 23, 12 P.S. Sec. 672.

The statement of claim served with the writ alleges that plaintiffs own land in Monroe County and that defendant owns adjoining lands. It further sets forth that defendant's employees, with his knowledge, started a fire on his lands, which got out of control and burned over three hundred acres of plaintiffs' land, doing damage in a large sum.

Plaintiffs began suit in Monroe County. The sheriff of Monroe County deputized the sheriff of Pike County to serve the writ and he accordingly made service. The defendant appeared specially and moved to set aside the service.

To validate the service plaintiffs rely upon section 1 of the Service of Process Act of July 9, 1901, P. L. 614, Sec. 1, cl. 3, as amended by the Act of April 25, 1929, P. L. 775, Sec. 1, 12 P.S. Sec. 298, which reads: "The writ of summons, in cases where a trespass or nuisance has been committed on real estate . . . may also be served in the manner provided by sub-sections one and two, in any other county than that wherein the real es-

tate is located and in which the writ issues, by the sheriff of such other county, who shall be deputized for that purpose by the sheriff of the county in which the writ issues."

It is argued by appellant that the action brought by the appellees is not trespass in the common law sense but trespass on the case, as the damages are consequential, and that therefore the service is invalid, as the act covers only common law actions of trespass. To those who in their early days, like the writer of this opinion, had to puzzle over the question in every action of tort whether a cause of action was in trespass or in case, the invitation to again explore the boundary, a very narrow one between them (Berry v. Hamill, 12 S. & R. 210) might be profitable in reviewing the ancient learning of fifty years ago, but in these busy days might be thought wasted effort unless it should lead to a useful outcome.

The Act of May 25, 1887, P. L. 271, Sec. 2, 12 P.S. Sec. 2, abolished the time-honored distinction as to the form of action between trespass and trespass on the case. When the legislature passed the Service Act of 1901, with which we are dealing, they knew the state of the law and in saying "where a trespass . . . has been committed on real estate" they meant any kind of a trespass on real property. "Trespass in its largest and most extensive sense" as Blackstone says (Book 3, Chap. XII, p. 208). "The language of a statute, as of every other writing, [is] to be construed in the sense which it had at the period when it was passed. . . . Undoubtedly, all laws must be executed according to the sense and meaning they imported at the time of their passage": Endlich on Interpretation of Statutes, Sec. 85. See also Com. v. Bay State Milling Co., 312 Pa. 28, 167 A. 307; McNitt v. Phila., 325 Pa. 73, 189 A. 300. In this view of the act, which we think the correct one, the service was valid.

The order of the court is affirmed at appellant's cost.