## Leathem's Estate

74

*William L. Hammond,* for petitioner.

*A. Sidney Johnson* and *David Lavis,* contra.

CHADWICK, P. J., May 10, 1945.—The case before us started with the issuance of letters of administration on the estate of the decedent to the surviving husband. In the course of the administration the husband filed a petition for the $5,000 preferential claim as surviving spouse, pursuant to which there was set aside to him a piece of real estate and certain jewelry. Subsequently the surviving husband died, leaving a will in which he left the residue of his estate, including the particular real estate, to named beneficiaries. Later, a will of the original decedent was offered for probate and duly probated, and the letters of administration previously issued were set aside. Each of these proceedings in turn appeared to be regular on its face.

On March 15, 1945, the executor of the will of the deceased husband and his residuary legatees took an appeal to this court from the probate of the will of the wife, alleging forgery.

The matter now reaches us on a motion to quash the appeal predicated on the theory that appellants are not parties in interest in the estate of the original decedent "either as heir, relation, next of kin, devisee, legatee or

creditor of the estate", and that appellants are not "persons aggrieved" by the act of the register in admitting the will to probate. The motion also complains that one of the appellants appeals in his representative capacity as executor of the will of the deceased husband, and that the other appellants appeal as individuals in their own apparent right; and, finally, that appellants are not within the designation of parties upon whom the right to appeal from the probate is vested by law.

It seems to be undisputed that if the will is properly probated appellants will not enjoy certain benefits which would be theirs if the decedent wife had died intestate, which benefits would be confirmed in them if the will is set aside. This status seems to us to establish them as within the ordinary definition of "parties in interest". Commonwealth v. Bay State Milling Co., 312 Pa. 28, holds: "Statutes are presumed to employ words in their popular sense, and when the words used are susceptible of more than one meaning, the popular meaning will prevail." (Syllabus.)

We take it that the decision of this question sends us, first, to section 21(a) of the Register of Wills Act of June 7, 1917, P. L. 415, 20 PS §2005, in which the following language appears:

"From all the judicial acts and proceedings of the several registers, including all decisions granting an issue devisavit vel non, in a contest concerning the validity of a will, appeals may be taken to the orphans' court of the respective county within the term of two years: Provided, That any party entitled to appeal may be cited by such court to show cause why he should not appeal within six months from the date of such citation, and, on failure of such party to show cause, said court may make an order limiting the time for such appeal by said party to said period of six months."

In connection with this section, we have examined also sections 17 and 18 of the act, relating to caveat, 20

PS §§1961, 1981. We find nothing in any of these sections which appears to us to preclude this appeal from being maintained in the present status of the case.

Shepard's Estate, 170 Pa. 323, effectively closes the door to any contention that creditors of the son of a decedent are proper parties to maintain an appeal from probate of decedent's will, but does not, we think, rule the present case. The facts of the case were special, and the criticism of the Supreme Court comports not merely with the phraseology of the act there under consideration (Act of March 15, 1832, P. L. 138), but with sound policy. The latter consideration was adverted to by Mr. Justice Dean in the following language, p. 328) :

"We will not undertake, in the absence of express legislation, to give such scope to this language as is claimed by appellee for it; will not invite every disappointed creditor of every heir and legatee to contest the will of a parent who has attempted to provide for those dependent for subsistence on a thriftless son. . . . If the estates of the dead are to be subjected to such perils, the legislature must open the door, and that by language of no doubtful import."

The ratio decidendi of the recent opinion of Mr. Justice Stearne in the case of the Ash Will, 351 Pa. 317, we believe aids our conclusion, as does, we think, Curtis' Estate, 253 Pa. 389. Unless we are mistaken, the conclusion that the present contestants have an interest is better founded in reason than was the interest of appellants in the Ash case or Curtis' Estate.

There is one aspect of the case which may have interesting possibilities which we have not now undertaken to exhaust. It is suggested by the attorney for the proponents that because the present appellants (or some of them) had notice of the intended probate of the will, and no doubt had formal notice of the application to revoke the letters of administration theretofore

granted, they are now precluded from attacking the will on appeal. At first impression we are not convinced that this contention has any particular urgency. Caveat against a will is a convenient procedure to raise proper questions, but it does not appear to be the only way. Moreover, there is always the possibility that an interested party may discover, after the probate of a will, facts affecting its validity which he did not know when the will was probated. We are not inclined, therefore, to lay much emphasis at this stage of the proceedings upon any contention of this sort. Nor do we deem it necessary to inquire at too great length into the legal effect of the order of the register setting aside the letters of administration; such an order would not, we believe, preclude a later application for new letters of administration (perhaps d. b. n.) if the will should be found to be invalid. We may have overlooked some authority, statutory or judicial, which may throw better light upon this particular aspect of the case but, if so, it will no doubt be called to the attention of the court hereafter. All we see now in this contention is a suggestion that in some way these parties are estopped by their precedent activity or lack of activity from resorting now to the statutory relief by appeal from probate; we do not believe that any such estoppel is worked.

Incidentally, to dismiss this appeal in its present stage would force an immediate review of the question, or the abandonment by appellants of their alleged rights, whereas the contention of the proponents of the will will remain open for further consideration. If the will upon further proceedings is found to be valid, there will be no necessity for an appeal; but if, on the other hand, it is ascertained that the will is in fact a forgery, we believe that proponents' present emphasis upon the technicality of appellants' right will evaporate. If not, they will then have the opportunity to convince us or the Supreme Court that we were in error in our present disposition of the matter.

We venture to comment, in no way particularly applicable to the case at bar (in which no facts have yet been brought to our attention justifying any criticism), that as long as this court shall continue to be constituted as it now is neither forgery nor perjury will be found to be profitable to any party who may ill-advisedly resort to them. We regard it as part of the duty of all courts to protect their proceedings against resort by any party to improper methods; and we believe we have the power, as well as the duty, to insist upon reasonably high standards of conduct on the part of every suitor whose interests may come before us.

We would expect and sincerely hope that when the facts are developed there will be found no reason for any suspicion, much less conclusion, that the purported testamentary writing in this matter is other than valid. Without speculating as to what form the facts will take, we recognize that there may often be combinations of circumstances which seem, to disappointed parties, to justify a charge of forgery, without in fact warranting such conclusion.

However this may be, this court will be found to be impatient with unwarranted averments of this sort; but it would be very much more impatient with any such fact as forgery in connection with testamentary writings. Some delay will be caused, and some expense involved, in exploring an accusation of forgery; but much more harm would be caused if we fail to examine the facts in any case where the suspicion is based upon formal averments in an appeal from probate.

We, therefore, conclude that at this juncture we should dismiss the motion to quash by what we believe to be an interlocutory order.