## Hughes *v.* Pittsburgh, Appellant.

Argued October 6, 1954. Before Stern, C. J., Stearne, Jones, Chidsey, Musmanno and Arnold, JJ.

146

*Robert Engel,* Assistant City Solicitor, with him *J. Frank McKenna,* City Solicitor, for appellants.

*Wallace E. Edgecombe,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, November 8, 1954:

The City of Pittsburgh and David A. Smith, City Treasurer, appeal from the judgment of the Superior Court which affirmed the judgment of the County Court of Allegheny County sustaining an appeal and declaring void assessments of the mercantile tax against Hughes-Ogilvie Company, a partnership, as a retailer. The single question is whether or not the sales of merchandise here involved were wholesale sales.

According to the stipulation of counsel, and as stated by the Superior Court in its opinion, ". . . the disputed categories are the sales made by the Company in large quantities to local municipal authorities, the General State Authority, public schools, private

schools, hospitals, charitable institutions and churches.
. . ."

The Mercantile Tax Ordinance imposing the tax here in question is No. 488, approved December 1, 1947, authorized by the Act of June 25, 1947, P. L. 1145, 53 PS §2015.1. Section 4 of the ordinance imposes the tax in the following language:

"Every person engaging in any of the following occupations or businesses in the City shall pay an annual mercantile license tax for the year 1948 and annually thereafter at the rate set forth: . . .

"(c) Wholesale and retail vendors or dealers in goods, wares and merchandise at the rate of one (1) mill on each dollar of the volume of the annual gross wholesale business transacted by him, and two (2) mills on each dollar of the volume of the annual gross retail business transacted by them."

The terms "wholesale" and "retail" are defined in Section 1 of the ordinance as follows:

"Definitions.—The following words and phrases when used in this ordinance shall have the meanings ascribed to them in this section unless the context clearly indicates a different meaning: . . .

"(b) 'Wholesale Dealer' or 'Wholesale Vendor' shall mean any person who sells to dealers in, or vendors of, goods, wares and merchandise and to no other persons.

"(c) 'Retail Dealer' or 'Retail Vendor' shall mean any person who is a dealer in or vendor of goods, wares and merchandise who is not a wholesale dealer or vendor."

The term "wholesale" may be susceptible of varying definitions. Under the Act of May 2, 1899, P. L. 184, as amended, it has been defined as *"selling in large quantities"*: *Commonwealth v. Bay State Milling Co.*, 312 Pa. 28, 167 A. 307. In *Brown & Zortman Ma-*

*chinery Company v. Pittsburgh,* 375 Pa. 250, 100 A. 2d 98, where the mercantile tax assessment was under the same ordinance as here involved, it was decided that the taxpayer therein was a *dealer.* The test of a *wholesale* dealer in that case was held to be *whether or not the customer buys for the purpose of reselling.*

Where, however, the *statute* or *ordinance defines* a word or phrase therein the court is bound thereby. In *Sterling v. Philadelphia,* 378 Pa. 538, 542, 106 A. 2d 793, Mr. Chief Justice HORACE STERN said: ". . . A legislative body may, in a statute or ordinance, furnish its own definitions of words and phrases used therein in order to guide and direct judicial determination of the intendments of the legislation although such definitions may be different from ordinary usage; it may create its own dictionary to be applied to the particular law or ordinance in question. . . ."

It is stipulated in the present case that all of the articles on which a tax is demanded were sold directly to the users. None of the institutions or authorities which purchased the merchandise were dealers in, or vendors of, goods, wares or merchandise. In the words of the ordinance any person who does *not* sell to dealers in or vendors of goods, wares and merchandise is a retail dealer or vendor. The court is, therefore, bound to apply such definition.

Counsel for appellee, in his argument, suggests that if the additional tax becomes due, penalties should be eliminated in this case. In *Graybar Electric Company, Inc. v. Pittsburgh School District,* 378 Pa. 294, 106 A. 2d 413, this Court held that it is not within the power of a court to relieve a taxpayer from liability for statutorily prescribed interest and penalties on unpaid taxes.

The judgment is reversed.