## Commonwealth *v.* Robert H. Carr and Son, Appellant.

Argued September 11, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

Before KREIDER, J., without a jury.

*G. Clinton Fogwell, Jr.,* with him *Arthur L. Gold-berg,* and *Reilly, Fogwell & Lentz,* for appellant.

*William W. Caldwell,* First Assistant District Attorney, with him *Martin H. Lock,* District Attorney, for Commonwealth, appellee.

OPINION BY MONTGOMERY, J., November 16, 1961:

This is an appeal from an order of the lower court imposing a fine upon the appellant Robert H. Carr and Son and Ralph L. McKeeman for violating the overweight provisions of section 903(d) of The Vehicle Code of 1929, May 1, P. L. 905, as amended by the Act of 1955, June 30, P. L. 225, 75 P.S. 453(d)[1] as owners of a tractor and a trailer constituting an overweight combination of a tractor-trailer unit, said combination being physically operated by a third party, and neither the appellant, the trailer owner, nor McKeeman, the tractor owner, being present at the time of the violation. McKeeman has not appealed, or, if he has, his appeal is not before us at this time.

In February, 1959 the appellant entered into a contract to transport certain liquid sugar and syrup from Yonkers, New York to Toledo, Ohio. In order to comply with the statutory weight limitations imposed by the State of Ohio and by this Commonwealth, appellant entered into a contract with Ralph L. McKeeman under which McKeeman was to supply a tandem axle tractor to pull the appellant's trailer, pay its driver and all other transport expenses, for which the appellant agreed to pay him $22\frac{1}{2}\cancel{c}$ per mile. Because the weight limit on Pennsylvania highways other than the turnpike was 60,000 pounds, and because they anticipated that the load might exceed this, appellant instructed McKeeman, while in Pennsylvania, to keep his trailer on the Pennsylvania Turnpike where the legal weight limitations would permit this heavy load. On February 28, 1959 in Lower Swatara Township, Dauphin County, a township officer discovered the tractor-trailer combination after the driver thereof had attempted to avoid apprehension by driving from a

---

[1] The violation in this case occurred on February 28, 1959. The current volumes of Purdon's Statutes are inapplicable and all references to The Vehicle Code are to the Act in effect on that date.

main highway into an alley. The driver had fled the scene before the officer arrived but was later identified and arrested. There was a sheet of paper pasted over the door of the tractor upon which were the words: "Leased to Robert H. Carr & Son", and the words: "Robert H. Carr & Son, Inc.", were painted on the trailer. After some difficulty the trailer was weighed, and the results disclosed the gross maximum weight of the tractor-trailer combination and load to be 79,900 pounds, or 19,900 pounds in excess of the legal limit.

On February 28, 1959 an information was sworn to by Arthur J. Stum, Jr. averring that on that day Ralph L. McKeeman and R. H. Carr and Son did, at or about the hour of 2:30 o'clock P.M., E.S.T., unlawfully *permit* one (unknown) to operate an overloaded motor vehicle on a public highway in the Commonwealth of Pennsylvania in violation of section 903, subsection "D", article 9, Act 403 P. L. 1929, as amended by Act 70, approved June 30, 1955. Robert H. Carr through his attorney appeared on the same day, waived the hearing and posted bond in the amount of $4,000 for a hearing in the Quarter Sessions Court of Dauphin County.

At the trial of the case before Judge KREIDER, the information presented by the Commonwealth averred that said McKeeman and R. H. Carr and Son *"did unlawfully cause to be operated"* an overloaded vehicle contrary to the same motor code provision. It was identical with the original information in other particulars.

The printed record (abbreviated) does not disclose whether a copy of either information was mailed to the defendants. However, in their argument R. H. Carr and Son admit receiving a copy of the second one. Nowhere is the variance in the two informations explained. However, it seems reasonable to conclude that Carr and Son were not surprised in any way when

they were called for trial on the second one, a copy of which they had received prior to that time. When they received it they were not arrested, no preliminary hearing was held, and having already posted bond and waived hearing they were aware that the copy they received stated the charge for which they would later proceed to trial.

The Act of Assembly referred to in both informations provided that: "Commercial motor vehicles and truck tractors, other than those electrically operated, *shall not be used or operated* on any highway with gross weights exceeding those specified. . . ." 75 P.S. 903(a). (Emphasis supplied.)

The penal provisions of this section impose a fine and in default thereof *imprisonment* upon the summary conviction before a magistrate of "Any person *operating* any vehicle or combination of vehicles . . ." for violations; and in default of the fine the magistrate may order the vehicle impounded, in which case he must give immediate notice to the owner or owners of same and to the owner of the load. The load may be redeemed by the owner upon proof of ownership but the vehicle shall be held and, if unredeemed by its owner within 60 days, sold; and the proceeds, *after payment of encumbrances*, shall be applied to the fine and costs including expenses of impounding and sale. Any balance then remaining is payable to the owner.

Another interesting observation to the present problem is to be found in section 6 of the Assembly Act of June 30, 1955, P. L. 225, which amends section 904 of the original Act. Therein the peace officer is authorized to weigh the vehicle and load and to compel *the operator* to reduce his load. "Any operator who shall fail, neglect or refuse to comply with the requirements of a peace officer given pursuant to the provisions of this section . . ." shall be fined upon summary conviction and in default thereof undergo imprisonment. In addition his operating privileges may be suspended.

Nowhere in the Act is there mentioned. specifically that an owner becomes a violator because he permits his operator to carry an excess load, or that he caused his vehicle to be operated with an excess load. Except for the one provision in section 903 wherein the *use* of highways by overloaded vehicles is forbidden, there is no indication that the legislature intended to impose a personal penalty upon an absent owner or make him or it subject to imprisonment. The word operator is used throughout these provisions as indicating the one in physical control and the definition of operator as found in section 102 of the Act of May 1, 1929, P. L. 905, Art. 1, " 'Operator'. Every person who is in actual physical control of a motor vehicle or tractor upon a highway." should therefore be adopted.

The lower court based its opinion on a definition of the word "operator" but ignored the definition as found in The Vehicle Code. Where a statute or ordinance defines its terms, a court in its judicial determination of the intendments of the legislation is bound thereby. *Sterling v. City of Philadelphia*, 378 Pa. 538, 106 A. 2d 793; *Hughes v. School District of Pittsburgh*, 379 Pa. 145, 108 A. 2d 698.

Adapting the statutory definition of operator leads us to the inevitable conclusion that an absent owner of tractor or trailer is not personally responsible for the violations by his or their driver in operating the vehicle on highways when the weight limitations are exceeded. Their responsibility is limited to the value of the vehicle in excess of the encumbrances against it.

Therefore it is unnecessary to decide the matter pertaining to the irregularities of the two informations. Neither charges a violation as defined by the Motor Vehicle Statutes.

The order of the court below imposing a fine upon this appellant R. H. Carr and Son is reversed and the appellant discharged.

WRIGHT, J., would affirm upon the opinion of Judge KREIDER for the court below.