## Ferraro v. Crowell

*B. Albert Bertocchi*, for plaintiff.

*Robert E. Pryde*, for defendants.

GRAFF, P. J., December 4, 1961.—Plaintiff instituted this action in trespass to recover damages alleged to be sustained because of the alleged negligence of defendants. Judgment was entered against defendants by default and the jury assessed the amount of the damages as $2,182.16, for which amount a verdict was rendered and judgment entered thereon. This matter now comes before us upon a motion to strike off the judgment.

The facts as disclosed by the pleadings and upon which a verdict and judgment was subsequently rendered are as follows:

In the year 1958, plaintiff, being a resident of Manor Township, this county, was the owner of a 1955 motor truck which he was purchasing from the White Motor Company upon a bailment lease, calling for monthly installments. In September 1959, plaintiff was two months in arrears upon these payments and the truck was parked at his residence in Manor Township where he was doing some work upon the same, and the oil had been drained out of the crankcase. While the truck was upon his property, he left in order to go to Kittanning Borough in order to secure replace-

ment oil. At this time, defendant, W. R. Crowell, and another person, employes of the Midwest Recovery and Adjustment Service, Inc., appeared at his residence and informed his wife that they were about to repossess the truck. These persons were warned that there was no oil in the crankcase and, in spite of such warning, they took the truck and drove it upon the highway to Kittanning, a distance of approximately three miles. Subsequent to this time, the amount in arrears upon the lease contract was paid and possession taken of the truck by plaintiff. Thereafter, it was discovered that the motor in the truck had been burned out and ruined. Plaintiff then instituted the present action and service was had upon defendants who were residents of the State of Ohio, under the Nonresident Motorist Act of May 14, 1929, P. L. 1721, as amended, and under Pa. R. C. P. 2071. The portion of the Act of 1929, supra, with which we are now concerned, provides as follows: ". . . any nonresident . . . who shall accept the privilege . . . of operating a motor vehicle . . . within the Commonwealth of Pennsylvania . . . shall, by such acceptance . . . make and constitute the Secretary of the Commonwealth . . . his . . . agent for the service of process in any civil suit or proceeding instituted in the courts of the Commonwealth of Pennsylvania . . . against such operator . . . arising out of, or .by reason of, any accident or collision occurring within the Commonwealth in which such vehicle is involved."

The action in this case was based upon the alleged negligence of defendants in the operation of plaintiff's truck, in that they were warned that the crankcase contained no oil previous to the operating and, as a result thereof, the engine became burned out and ruined.

The right to serve defendants as nonresidents under the act of assembly depends upon the meaning of the

words "accident or collision". It is not contended that the manner of service was contrary to that set forth in the act of assembly. Whether such service was proper depends upon the meaning of the word "accident", for the reason that, obviously, there was no collision. We find no decisions of the courts considering this particular question. Under Article 3, sec. 33, of the Statutory Construction Act of May 28, 1937, P. L. 1019 (46 PS §533), it is provided, "Words ... shall be construed according to ... their common and approved usage ...". Statutes are presumed to employ words in their popular sense, and when words used are susceptible of more than one meaning, the popular meaning will prevail: Marsh v. Groner, 258 Pa. 473, 478; Commonwealth v. Bay State Milling Co., 312 Pa. 28; Commonwealth v. Meinhart, 173 Pa. Superior Ct. 495; Brown v. Personeni, 326 Pa. 190.

In Bouvier's Law Dictionary (unabridged), the word "accident" is defined to be "an event which, under the circumstances, is unusual and unexpected". And in Webster's New International Dictionary, accident is defined to be "an event that takes place without one's foresight or expectation; an undesigned, sudden, and unexpected event". In McCarty v. The New York and Erie Railroad Company, 30 Pa. 247, 251, the court states as follows: ". . . Accident, and its synonyms, casualty and misfortune, may proceed or result from negligence, or other cause known, or unknown". If a wheel had dropped off the truck when it was being operated by defendants, we are clearly of the opinion that such an event or happening would be called an accident, considering the common or popular use of the word. In spite of the warning given to defendants concerning the operation of the truck without oil in the crankcase, it could hardly be concluded that the destruction of the engine was intentional. That some

damage might be done to the truck in the operation might be reasonably foreseeable does not eliminate the conclusion that it was unexpected or unusual. We can see no distinction between the dropping off of a wheel during the operation of a motor vehicle and the burning up or destruction of an engine in such vehicle during the operation. In each case, the common understanding of people, generally, would be that it would be called an accident. Undoubtedly, such a mishap would be unexpected by the operator of the motor vehicle.

We are clearly of the opinion that, in common usage, the happening considered in this case would be termed an accident. We therefore conclude that the motion is without merit.

*Order*

And now, December 4, 1961, the motion to strike off the judgment is refused.