Schomaker et al., Appellants, *v.* Pittsburgh.

Argued November 10, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Gilbert E. Morcroft,* for appellants.

*Niles Anderson,* School Solicitor, with him *Justin M. Johnson,* Assistant School Solicitor, *Regis C. Nairn,* Assistant City Solicitor, and *David Stahl,* City Solicitor, for appellees.

OPINION BY HOFFMAN, J., December 16, 1965:

Appellants are individuals trading and doing business as Schomaker Company. The company sells flour

and other supplies to bakers. These products are not resold but are used for baking bread and pastries. Appellee, School District of Pittsburgh, imposes a mercantile tax under the authority of the Act of June 20, 1947, P. L. 745, §1, as amended, 24 P.S. §582.1 et seq. Appellee, City of Pittsburgh, levies a mercantile tax pursuant to the Act of June 25, 1947, P. L. 1145, §1, as amended, 53 P.S. §6851 et seq. The tax rate for retail vendors is double the rate for wholesale vendors. During the years 1960 through 1963 the company filed annual returns as a wholesale dealer and assessed itself at a wholesale rate. In August, 1963, the joint collector of mercantile taxes re-examined the returns and reassessed the company at a retail rate. The collector added interest and penalties to the deficiency assessments. The company appealed to the Allegheny County Court which sustained the reassessments, interest and penalties for the years 1962 and 1963.[1]

The company contends that the tax collector, in re-examining and reassessing its returns, has acted contrary to the following statutory provision:[2] "No tax return shall be reexamined nor an additional tax imposed on any taxpayer on account of any rule or regulation which declares certain activities to be included in the retail business classification and which were allowed by the taxing authorities to be included in the wholesale business classification in previous returns, unless such rule or regulation is approved prior to the date such return is required to be filed." Act of July 13, 1953, P. L. 450, No. 104 §1, 24 P.S. §582.8a.

---

[1] The reassessments for 1960 and 1961 were stricken and are not involved in this appeal.

[2] This provision applies to the tax imposed by the School District. An almost identical provision which is applicable to the city tax is the Act of July 13, 1953, P. L. 450, No. 103, §1, 53 P.S. §6858. This Act contains the words *ordinance*, rule or regulation," rather than just the words "rule or regulation."

The company's argument, simply stated, is that both the City and School District of Pittsburgh were obliged to adopt or approve an ordinance, rule or regulation as a prerequisite to the action taken by the tax collector, and that neither did.

Assuming *arguendo* that the appellants ". . . were allowed by the taxing authorities to be included in the wholesale business classification in previous returns, . . ."[3] the question is whether the deficiency assessment is ". . . on account of any rule or regulation which declares certain activities to be included in the retail business classification . . . ." The meaning of the words "rule or regulation" is clarified by another statutory provision: "The collector is hereby charged with the administration and enforcement of the provisions of this act, and is hereby empowered to prescribe, adopt, promulgate and enforce rules and regulations relating to any matter pertaining to the administration and enforcement of this act, including provision for the reexamination and correction of returns, and payments alleged or found to be incorrect, or as to which an overpayment is claimed, or found to have occurred." Act of June 20, 1947, P. L. 745, §8, Subd. (b), as amended, 24 P.S. §582.8, Subd. (b). It is evident that a rule or regulation, in the context of this Act, is adopted by the collector rather than the School District or the City and relates to administration and enforcement.

In deciding if the reassessment was "on account of a rule or regulation," the judicial history of mercantile license taxes in Pennsylvania is significant. In 1933, the Supreme Court held that a milling company which sold flour in large quantities to bakers was a

---

[3] Appellants have pointed to no rule or regulation promulgated by the authorities which permitted such a classification. However, it is arguable that failure to challenge the returns is tantamount to permitting appellants to classify themselves as wholesalers.

wholesaler under a State mercantile license tax act. *Commonwealth v. Bay State Milling Co.,* 312 Pa. 28, 167 A. 307 (1933). The principle there established was that the status of a taxpayer as a wholesaler or retailer must be determined by reference to the way in which he sells his product, not by what his vendee does with it. On January 2, 1962, however, the Supreme Court concluded that a taxpayer who sold mineral and metal products to manufacturers of iron, steel and glass products was a retailer for purposes of mercantile license taxes levied by the City and School District of Pittsburgh. *Kerchner, Marshall & Company v. Pittsburgh,* 406 Pa. 158, 161, 176 A. 2d 645 (1962). The Court there held that "the principle rejected by this court in the Bay State Milling case—that the determination of whether a transaction is wholesale or retail should be made by reference to what the buyer does with the product—is, in fact, the correct principle, and at least to this extent the Bay State Milling case must be overruled."

It is apparent that the deficiency assessment in the present case was "on account of" the *Kerchner* case and not because the tax collector declared that appellants' activities must be classified as retail. The change in classification did not originate with any new policy or rule conceived of by the collector. The deficiency assessment resulted from a clear statutory interpretation by our highest Court.[4] Acceptance of appellants' contentions would render the Court's decision ineffective without local approval by ordinance, rule or regulation. We cannot attribute to the legislature an intention to give local taxing authorities the power to veto by silence and inaction rulings of the Supreme Court. We must agree with the court below that "a

---

[4] The *Kerchner* decision was so significant that the collector saw fit to summarize and explain it in a special bulletin circulated to appellants and other taxpayers in February, 1963.

decision of our Supreme Court indicating what retail means needs no imprimatur of either the City Council or the Board of the School District."

Appellants argue that the statutory sections involved in this appeal ". . . were enacted for one reason and one reason alone, namely, the protection of taxpayers from retroactive reassessment and reclassification." If this is correct, we fail to see how the purpose of these sections is frustrated by the deficiency assessments in the present case. The *Kerchner* decision was handed down several months before the April 15 due date for the return filed in 1962, and more than a year before the due date for the 1963 return.

Appellants argue that even if the deficiency assessment is lawful, the imposition of penalties is improper. In support of their contention they cite *Kerchner* for the proposition that a taxpayer is not liable for penalties if he acts in good faith on advice given him by the taxing authorities. In that case, however, the court held that the taxpayer acted on a specific ruling of the authorities, and that the penalties were, therefore, improper. In the present case, appellants have not pointed to any advice or ruling of the taxing bodies subsequent to January 2, 1962, which indicated that they could remain taxable as wholesalers. Moreover, after January 2, 1962, appellants must be presumed to have had notice of the *Kerchner* decision. We agree with the conclusion of the court below that, "Up to January 2, 1962, all parties here acted on the specific ruling of the Supreme Court in the old Bay State case . . . but after January 2, 1962, the Supreme Court's rule placed the taxpayer here in the retail category."

Judgment affirmed.