George **HARDING, Jr.,** Appellant,

v.

**CITY OF PHILADELPHIA and Police Officer Joseph Ferraro.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 4, 2001.
Decided June 4, 2001.

Erika L. Austin, Philadelphia, for appellant.

Mary E. Dixon, Philadelphia, for appellees.

Before McGINLEY, J., LEADBETTER, J., and JIULIANTE, Senior Judge.

JIULIANTE, Senior Judge.

 George Harding, Jr. (Harding) appeals from the August 31, 2000 order of the Court of Common Pleas of Philadelphia County (trial court) that denied his post-trial motion for judgment notwithstanding the verdict and for a new trial.[1] We affirm.

As per the trial court, the background of this case is as follows. On February 26, 1998, while on routine bicycle patrol, City of Philadelphia Police Officer Joseph Ferraro struck and knocked then seventy-four year old Harding to the ground, causing him to suffer injuries to his face, head and leg. Ferraro had been bicycling on the sidewalk in violation of a City ordinance.

On October 14, 1998, Harding filed a civil complaint against the City and Ferraro alleging negligence *per se* based on Philadelphia City Code Section 12–808, which provides that individuals should not ride bicycles on the sidewalks in any districts within the City. Ultimately,[2] the trial court ruled that Harding's negligence claim was barred by the immunity provisions found in Sections 8541 and 8542 of the Judicial Code,[3] reasoning that the plain language of the vehicle exception to governmental immunity was inapplicable to accidents involving bicycles. Specifically, the court stated that "[a]s much as this court may agree with plaintiff that an inequity is created by this omission, the statute is clear and this court is without authority to expand the exception to include bicycles." (Trial Court's Opinion at 3; R.R. 228a.)

On appeal, the issue before us is whether this Court should interpret the vehicle exception as including bicycles. Section 8542(b)(1) of the Judicial Code, in pertinent part, provides as follows:

**(b) Acts which may impose liability.**—The following acts by a local agency

---

1. Where the trial court has denied a motion for post-trial relief, we are limited to determining whether it abused its discretion or committed clear legal error. *Murray v. Pennsylvania Turnpike Commission (In Re Condemnation of 1.169 Acres)*, 745 A.2d 66 (Pa. Cmwlth.2000), *appeal denied*, —— Pa. ——, 771 A.2d 1284 (2001).

2. On September 16, 1999, a panel of arbitrators found that the City and Ferraro were 100% negligent, but awarded a decision in favor of the City based on governmental immunity. (R.R. 126–127a.)

3. 42 Pa.C.S. §§ 8541–8542.

or any of its employees may result in the imposition of liability on a local agency:

 (1) *Vehicle liability.*—The operation of any motor vehicle in the possession or control of the local agency.... As used in this paragraph, "motor vehicle" means any vehicle which is self propelled and any attachment thereto, including vehicles operated by rail, through water or in the air.

42 Pa.C.S. § 8542(b)(1).

In general, Harding argues that the words of the above-quoted statutory provision are not clear and that, therefore, this Court must look outside of the statute in order to interpret it. Specifically, he argues that this Court should interpret the vehicle exception to include all instrumentalities used by or operated on behalf of a political subdivision. He points out that, at the time of the statute's enactment, police officers were not using bicycles during the course of their employment.[4]

Moreover, Harding notes that, in construing legislative intent, courts are permitted to consider a statute's heading. Section 1924 of the Statutory Construction Act of 1972 (Statutory Construction Act), 1 Pa.C.S. § 1924. Here, the title of the section is "vehicle liability," which he avers leads one to believe that the legislature intended *all* vehicles used by a political subdivision or its employees to be included within the exception. In addition, Harding maintains that the legislature's inclusion of vehicles operated by rail, through water or in the air is additional evidence of its in-

tent not to limit the vehicle exception to only motor vehicles.

Finally, Harding points out that, even though the trial court found that the vehicle exception did not include bicycles, it urged this Court to rectify the clear injustice in the present case and interpret the vehicle exception in accordance with what is just and reasonable. In support of its recommendation, the trial court cited two Commonwealth Court cases standing for the proposition that this Court has the authority and judicial responsibility to fill in the gap when interpreting a statute when it is clear that the legislation does not envision the present circumstances. *See Sherman v. City of Philadelphia,* 745 A.2d 95 (Pa.Cmwlth.2000); *White v. City of Philadelphia,* 712 A.2d 345 (Pa.Cmwlth. 1998).

The City points out that it is well established that exceptions to governmental immunity are to be narrowly construed. *Love v. City of Philadelphia,* 518 Pa. 370, 543 A.2d 531 (1988). In addition, it notes that courts are to look to legislative history *only* when the language of the statute is unclear or ambiguous. The City maintains that the language of the vehicle exception is neither unclear nor ambiguous.

Specifically, it points out that the vehicle exception, by its plain language, applies only to vehicles that are self-propelled.[5] The City notes that Pennsylvania courts have consistently held that bicycles are not self propelled, but instead propelled by human power. *E.g.s Commonwealth v. Brown,* 423 Pa.Super. 264, 620 A.2d 1213,

---

4. The City notes that the legislature substantially amended the vehicle exception in 1995. In addition, it notes that Harding never submitted evidence that there were no bicycle patrols at the time the legislature drafted the vehicle exception. It points out that this Court may not rely upon unsupported, speculative statements as evidence. *See Empire*

*Steel Castings, Inc. v. Workers' Compensation Appeal Board (Cruceta),* 749 A.2d 1021 (Pa. Cmwlth.2000).

5. As the City notes, the term "self-propelled" is defined as "propelled by its own motor...." Webster's Third new International Dictionary 2061 (1993).

1215 (1993) ("[a] bicycle is clearly not a motor vehicle as it is a vehicle 'which is propelled solely by human power.'"); *Kronenbitter v. Department of Transportation, Bureau of Driver Licensing,* 150 Pa. Cmwlth. 344, 615 A.2d 949 (1992) (bicycle is a vehicle, but not a motor vehicle). Thus, it contends that under the statutorily provided definition, a bicycle is not included. *See* Section 1921(b) of the Statutory Construction Act, 1 Pa.C.S. § 1921(b) (courts are not free to disregard the plain language of a statute under the pretext of pursuing its spirit or some unstated legislative intent.)

Moreover, the City notes that "where the statute expressly defines what a term means, the legislature has created its own dictionary and the meaning of the term as defined excludes any other meaning." *McGilley v. Chubb & Son, Inc.,* 369 Pa.Super. 547, 535 A.2d 1070, 1077 (1987). *See also Hughes v. School District of Pittsburgh,* 379 Pa. 145, 148, 108 A.2d 698, 699 (1954) ("[w]here ... the statute or ordinance defines a word or phrase therein the court is bound thereby."); Section 1991 of the Statutory Construction Act, 1 Pa.C.S. § 1991 (specific words and phrases shall have certain meanings, unless the statute provides otherwise).

In addition, the City points out that this Court has previously recognized the maxim, "expressio unius est exclusio alterius," which essentially means, "where certain things are specifically designated by statute, all omissions should be understood as exclusions." *Latella v. Unemployment Compensation Board of Review,* 74 Pa. Cmwlth. 14, 459 A.2d 464, 473 (1983). Thus, it contends that where, as here, the statute designated that the exception apply to vehicles which are self-propelled, ones that are not self-propelled are necessarily excluded.

Further, the City rejects the trial court's suggestion that there is any gap in the legislation for this Court to fill. The City maintains that there is no gap because it plainly applies only to *motor* vehicles. Even if there were a gap, the City alleges that it would be for the legislature to fill, not this Court. *See Latella.*

 We must agree with the City. The language of the vehicle exception is clear; bicycles are vehicles, but not *motor* vehicles. Thus, contrary to the trial court's suggestion, the present case is distinguishable from *Sherman* and *White* to the extent that there is no gap to fill or ambiguity to address. Regretfully, this is simply a case where the applicability of an unequivocal statutory provision renders a seemingly unjust result. Accordingly, we must affirm.

### ORDER

AND NOW, this 4th day of June, 2001, the August 31, 2000 order of the Court of Common Pleas of Philadelphia County is hereby affirmed.