Kerchner, Marshall & Company *v.* Pittsburgh,
Appellant.
Kerchner, Marshall & Company *v.* Pittsburgh
School District, Appellant.

Argued September 29, 1961. Before Bell, C. J.,
Musmanno, Jones, Cohen, Eagen and Alpern, JJ.

*Regis C. Nairn*, Assistant City Solicitor, with him *David Stahl*, City Solicitor, for City of Pittsburgh, appellant.

*Edmund W. Ridall, Jr.*, Assistant Solicitor, and *Niles Anderson*, Solicitor, for School District of Pittsburgh, appellant.

*Frank J. Gaffney*, with him *Thorp, Reed & Armstrong*, for appellee.

OPINION BY MR. JUSTICE COHEN, January 2, 1962:

The City and School District of Pittsburgh have appealed from decisions of the County Court of Allegheny County determining that Kerchner, Marshall & Company, appellee, is a "wholesale vendor" of goods, wares and merchandise within the meaning both of the mercantile tax ordinance of the City and of the Act of June 20, 1947, P.L. 745, as amended, 24 P.S. §§582.1-582.13, authorizing the collection of a mercantile license tax by school districts of the first class.[1] Since the rate

---

[1] The definitions of wholesale and retail dealers as used in both the ordinance and the act are as follows:

" 'Wholesale dealer' or 'Wholesale vendor' shall mean any person who sells to dealers in, or vendors of, goods, wares and merchandise and to no other persons."

of tax for wholesale vendors is one-half that for retail vendors, the lower court's orders called for a refund in each case to appellee.

Kerchner, Marshall & Company is a Pennsylvania corporation which sells mineral and metal products (e.g., silicon carbide, silicon-aluminum-titanium alloy, sand, fluorspar and limestone), to manufacturers of iron, steel and glass products. The latter use the taxpayer's goods for various purposes in the manufacturing process, the purchased goods being either absorbed by or combined into the finished product or passed off as carbon dioxide or slag. From 1947, the year of inception of the mercantile taxes, the corporation reported its sales as wholesale transactions; and, indeed, in 1951, the City and School District, upon specifically reconsidering the corporation's status, ruled that the corporation was a wholesale vendor.

In 1958, however, the City and School District reexamined the taxpayer's position and assessed mercantile taxes for the years 1953 through 1957 plus penalties and interest to August 15, 1958, on the ground that the company's sales were retail in nature. Of the total assessments—$10,364.94 by the City and $5,098.74 by the School District—65.37% represent sales of the products named above; and the lower court applied this percentage in ordering refunds to the company. The lower court concluded that the sales were wholesale in nature because the products sold by taxpayer were "ultimately resold" by the customers despite their absorption into the customers' finished products. The City and School District take the position that a sale is at wholesale only if the sale is to a vendor in the particular product who buys it for the purpose of reselling it.

---

" 'Retail dealer' or 'Retail vendor' shall mean any person who is a dealer in, or vendor of, goods, wares and merchandise who is not a wholesale dealer or vendor."

In *Commonwealth v. Bay State Milling Co.*, 312 Pa. 28, 167 Atl. 307 (1933), we held that a milling company which sold flour in large quantities to bakers was a wholesaler under the state mercantile license tax Act of May 2, 1899, P.L. 184, as amended, 72 P.S. §§2621-2624. We held that sales in large quantities connote a wholesale operation; that bakers, while manufacturers, may also be dealers and vendors for the purpose of determining whether their suppliers are wholesalers or retailers; and that the tax is to be levied by reference to the way in which the taxable sells his products, not by what his vendee does with it. We, thus, certainly indicated that sales in quantity was the decisive factor.

In *Paper Products Company v. Pittsburgh*, 391 Pa. 87, 137 A. 2d 253 (1958), we dealt with the very same statute and ordinance that we have before us now. The taxpayer sold paper products in various ways, one of which was to persons who used the products as wrappings, containers, etc., in connection with sales made by them of their products to consumers. We held that the taxpayer's sales were at wholesale because its buyers transferred title and possession of the paper products *as they were* to the ultimate consumer and because, while no specific charge was made for these goods to the ultimate consumer, their cost was certainly included in the dealers' markups of the goods they sold.

The clear import of the *Paper Products Company* case, as well as *Brown & Zortman Machinery Co. v. Pittsburgh*, 375 Pa. 250, 100 A. 2d 98 (1953), is that the principle rejected by this court in the *Bay State Milling* case—that the determination of whether a transaction is wholesale or retail should be made by reference to what the buyer does with the product—is, in fact, the correct principle, and at least to this extent the *Bay State Milling* case must be overruled. In the *Brown & Zortman* case, the buyers purchased machinery

from the taxpayer for use in producing articles which they sold. As we there pointed out, in holding taxpayer to be a retail dealer, the test is whether the customer buys a product for the purpose of reselling. In the *Paper Products Company* case, the paper products purchased from taxpayer were themselves resold in the same condition as acquired even though no specific charge was made.

Here, however, taxpayer's customers consume the purchased products in the production of a different product. They do not resell silicon carbide, silicon-aluminum-titanium alloy, sand, fluorspar or limestone; they sell steel and glass products. They are not vendors of the goods they buy from taxpayers. An opposite conclusion would lead to the foolish result that the proportions of the products consumed in the manufacturing or chemical processes would have to be determined and the taxpayer's sales taxed accordingly.

The statute and ordinance are not to be read with such extreme subtlety. In common understanding, and in the ordinance and act, a wholesale transaction is one in which the customer buys a product in order to resell it. Here, taxpayer's customers do not buy to resell but to use, consume and aid in making entirely different products. Hence, taxpayer's transactions are retail in nature.

The only remaining problem is whether penalties were properly imposed upon appellee by the taxing authorities. In the *Brown & Zortman* case, we pointed out that the taxpayer was not liable for penalties because it acted in good faith on advice given it. Here, the taxpayer acted on a specific ruling of the taxing authorities themselves until the latter changed their position in 1958. No lack of good faith can possibly be discerned in taxpayer's actions, and we agree that no penalties should be imposed.

Orders reversed.

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

In my judgment, *Paper Products Company v. Pittsburgh*, 391 Pa. 87, 137 A. 2d 253, directly rules this case and appellee is subject to the mercantile license tax only as a wholesale vendor. It must not be forgotten that tax statutes must be construed most strongly against the taxing authorities. I would affirm on the opinion of RALPH H. SMITH, J., speaking for the lower Court.