Tax Review Board, Appellant, *v.* Elster & Prager.

Argued January 16, 1962. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Levy Anderson,* First Deputy City Solicitor, with him *Ellis A. Horwitz* and *Leonard B. Rosenthal,* Assistant City Solicitors, *James L. Stern,* Deputy City Solicitor, and *David Berger,* City Solicitor, for Tax Review Board, appellant.

*Benjamin F. Kivnik,* for appellees.

OPINION BY MR. JUSTICE EAGEN, March 13, 1962:

The appellee has operated a street-corner news-stand in the City of Philadelphia for several years. The

city's Tax Review Board ruled that he was liable for the payment of mercantile tax based upon the gross volume, or receipts, of the business and made assessments accordingly. The lower court reversed the board and held that as a matter of law the tax must be based upon the commissions, that is, the gross receipts of the sales less the cost of the goods sold. The City of Philadelphia questions the correctness of this ruling by this appeal.

The basic facts are not in serious dispute. The business involved is limited to the sale of newspapers, magazines and periodicals, which are delivered to the appellee by various publishers with an invoice showing a description and quantity of the items, the sales price to the public and the percentage or portion of the sales price which is to be retained by the appellee. Spoiled or damaged items (when received) are returned to the suppliers. For items damaged or stolen after they come into his possession, the appellee is responsible. No inventory is maintained by the appellee. The supplies are paid for by the appellee after the sales are made for those items actually sold. The commissions are retained.

The narrow question for decision is this: Under the City of Philadelphia's Mercantile License Tax Law (Ordinance of December 9, 1952, p. 515, as amended, Section 19-1000 of the Philadelphia Code), is the appellee a factor or commission agent, or is he a retail vendor or buyer for resale? If he is in the former category then admittedly the lower court was correct, and he is subject to mercantile tax figured on his commissions only. If he is a vendor of goods, or a buyer for resale, then the tax must be based upon his gross receipts.

Section 508 of the regulations promulgated under the city's Mercantile License Tax Ordinance defines a "factor or commission merchant" as "an agent employed to sell goods or merchandise consigned or de-

livered to him, by or for his principal, for a consideration commonly called factorage or commission." It further provides that a factor or commission merchant may sell for his principal in his own name as well as in the name of his principal. The primary requisite, therefore, of a "factor or commission agent" under these regulations is that he be an agent.

Under the admitted facts, it is clear that a sale of the newspapers, etc., to the appellee is never intended and never effectuated. He does not purchase the goods. He does not acquire title, nor is such contemplated. His sole interest in the goods is his factorage or commission. The prices for which the goods are sold are predetermined by the suppliers. Likewise, the commissions to be received or retained. The suppliers accept and expect the return of the identical items unsold. The only items for which they are and expect to be paid are those actually sold. Under such circumstances, appellee is an agent within the definition of the regulations, supra.

Generally, the intention of the parties governs in the determination of whether there is an agency or an actual sale. The status and intention is, of course, garnered from the facts rather than the terminology used in the contract between the parties. Certain objective criteria are utilized in making the determination. See, Restatement (2d), Agency, §14J. Among the most salient is, does the transferee get title to the goods? For "In a sale, title passes to the buyer, while in a consignment to a factor title remains in the principal, but the possession passes to the factor, and the factor is liable, not to pay a price, but to account for the proceeds of the goods when sold, and if it appears that the depositor of the goods reserves a right to take them back, the transaction is considered a consignment and the consignee a factor." 35 C.J.S., Factors, §1, p. 499 (1960).

We have read the cases cited in support of the appellant's position. They differ in material facts. Also, even if any reasonable doubt exists as to the scope and meaning of a taxing statute or an ordinance, it must be strictly construed in favor of the taxpayer and most strongly against the taxing authority: *Paper Products Co. v. Pittsburgh*, 391 Pa. 87, 137 A. 2d 253 (1958).

Order affirmed.

---

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

I dissent. This was a sale, not an agency—an absolute sale to a buyer for resale, with, however, the right to return papers which are damaged or not sold by him. Cf. *Brown & Zortman Machine Co. v. Pittsburgh*, 375 Pa. 250, 100 A. 2d 98.

Mr. Justice COHEN joins in this dissenting opinion.