## Kungsgaten, Inc., v. Philadelphia

*Joseph H. Lieberman*, for appellant.

*Maier Segal*, Assistant City Solicitor, for appellee.

KELLEY, J., January 17, 1964.—This is an appeal from a decision of the Tax Review Board of the City of Philadelphia. The board, after a hearing, dismissed a petition to review an assessment for mercantile license taxes for the years 1957-59, inclusive.

The record reveals the following undisputed facts:

Appellant, Kungsgaten, Inc., was organized May 9, 1957, under the Pennsylvania Business Corporation Law of May 5, 1933, P. L. 364, as amended. At its inception, its corporate purposes were broadly stated as follows:

"To engage in any mercantile, manufacturing, or trading business of any kind and character whatever, and generally to do all transactions or all business necessary or incidental thereto; to invest in real estate, stocks, bonds, or other securities, to own and operate but not as a broker; to acquire, purchase, own, hold, operate, develop, lease, mortgage, pledge, exchange, sell, transfer, and generally deal in and with property

of such description or any interest therein; to hold, acquire, purchase etc."

These purposes were subsequently amended on April 25, 1962, to read:

"To invest in improved and unimproved real estate; to repair, to alter, to build and construct; to sell, mortgage, to collect rents providing the parcel consists of one rental and does not require any services such as heat, janitorial and/or any other kind and to issue a lease for a parcel as an entirety."

When appellant was incorporated in 1957, it acquired the premises at 400 South Fifteenth Street, Philadelphia, which consisted of a high-rise apartment building. Appellant immediately leased the building to Barrington, Inc., a management corporation. The latter corporation entered into leases with tenants, collected monthly rentals from the tenants, rendered all services to the tenants, and filed returns and paid mercantile taxes for the business operated by it. Appellant has engaged in no other activity beyond holding title to this one property. It receives sufficient monthly rentals from Barrington, Inc., to pay for insurance, taxes, capital improvements and interest on the mortgage. It renders no services to the tenants in the apartments. Appellant has no source of income other than the amount paid it by Barrington, Inc.

From these facts, we must determine whether the mercantile license tax of the City of Philadelphia is applicable to the gross receipts appellant has received as rental from Barrington, Inc. The tax ordinance under consideration is contained in the Philadelphia Code, sec. 19-1001, et seq. The ordinance, in its pertinent parts, provides:

"(1) Every person engaging in any of the following businesses in the City shall, in addition to paying a license fee as herein provided, pay an annual mercantile license tax for the license year 1953 and annually thereafter at the rate set forth . . . (e) All other

persons *engaged in business* at the rate of 3 mills on each dollar of the annual gross volume of business transacted." (Italics supplied.)

The word "business" is defined in the ordinance as:

"(1) The carrying on or exercising for gain or profit within the City any trade, business, profession, vocation, or making sales to persons within the City, or any manufacturing, commercial or financial activity, service or business, including but not limited to manufacturers, brokers, wholesale dealers or wholesale vendors, retail dealers or retail vendors."

From the above-quoted sections of the tax ordinance, it may be seen that the narrow question that must be decided on this appeal is whether a lease of an apartment house, under the facts hereinbefore set forth constitutes a "business."

This will turn on whether the activity required to produce the taxpayer's income is such as to classify it as "active conduct of a money-making occupation" as opposed to "acts done by one not engaged in business but merely conserving his property". If it falls in the latter category, it is not subject to the tax in question: Price v. Tax Review Board, 409 Pa. 479.

The tax board denied the petition "solely on the ground that petitioner is a business entity, it being found by the board that this activity would not be taxable if property were owned by an individual". The city maintains that because the receipts came from activities described in the corporation's purposes such receipts derive from the conduct of a business and therefore cannot be considered "passive income" despite the fact that the taxpayer renders no services to the tenants and that, if an individual owned and operated the property in the same way, he would not be so taxed.

Since it is clear that the taxpayer's activity in the instant case is less than in the Price case, supra, it follows that no tax should be imposed unless, as con-

tended by the city, the fact that taxpayer here is a corporation justifies the application of a different rule.

The proper rule with regard to an entity which merely owns property and collects rent, without performing services in connection with the property sufficient to render an individual taxable under the same circumstances, was stated by the court in the recently decided case of Price v. Tax Review Board, supra. The court there stated, at page 486:

"It is true that appellants have chosen to form a partnership and receive and report their income from this property as such. There may be many reasons for their having done so and we will not conjecture what they might have been. Suffice it to say, that this fact, either alone or in conjunction with all the others, does not make a 'business' of the rental of these apartments."

See also A. H. Geuting Company v. City of Philadelphia. 1 D. & C. 2d 341 (1954), in which the same rationale was applied to a corporation.

We feel that what was said about the partnership is equally applicable to a corporation. We do not consider it important that the taxpayer was incorporated under the Business Corporation Law, since we are concerned not with the form but with the substance of its transactions. Cf. Philadelphia School District v. Frankford Grocery Co., 376 Pa. 542 (1954).

In view of the rule requiring strict construction of tax statutes with all doubts being resolved in favor of the taxpayer (Paper Products Company v. Pittsburgh, 391 Pa. 87 (1958)), we hold that the income in question is not taxable under the Philadelphia Mercantile License Tax Ordinance.

Appeal sustained.