Baylis Estate

Before Klein, P. J., Bolger, Lefever, Saylor, Shoyer and Burke, J.J.

*Martin A. Heckscher of Duane, Morris & Heckscher*, for exceptants.

*Charles F. Nahill, Special Assistant Attorney General*, contra.

SHOYER, J., July 28, 1965.—Where the primary life estate has terminated within one year of testatrix' death and before payment of the Federal estate tax, should the Commonwealth, in computing the value of a secondary life estate, deduct the amount of the Federal estate tax paid prior to its subsequent appraisement of the secondary life estate? In our opinion sections 506 and 651 of the Inheritance and Estate Tax Act of June 15, 1961, P. L. 373, govern this situation and authorize the disputed deduction.

In the instant case testatrix died April 1, 1962. Ruth Whipple, primary life tenant of the residuary trust, died eleven weeks later, on June 17, 1962. Two secondary life estates for the benefit of two nieces then became effective. The value of Ruth's life estate in

accordance with section 505 of the act of 1961 was subsequently based upon earned income from the said trust between April 1, 1962, and the life tenant's death on June 17, 1962. Federal estate taxes of $63,032.63 were paid on June 11, 1963, from principal of the residuary estate. The action complained of is the failure of the Commonwealth of Pennsylvania in its inheritance tax appraisement filed March 17, 1964, to permit the estate to deduct from its valuation of the two secondary life estates the amount of the Federal estate taxes. The learned Hearing Judge adopted the Commonwealth's view and dismissed that part of the taxpayer's appeal. Exceptions to his ruling are now before us.

It is to be noted that the Commonwealth properly appraised the primary life estate on the amount of income actually paid or payable to Ruth during the eleven weeks she survived decedent. This was in compliance with section 505 which clearly controls situations where a life estate has terminated within a year of decedent's death. The income, of course, which formed the basis of the tax, was derived from the then principal of testatrix' estate which had not yet been depleted by the $63,032.63, subsequently paid as Federal estate tax.

Section 506 expressly provides for valuation of a future interest which has come into possession or enjoyment. It reads:

*"Valuation Date; Future Interest.* — Except as otherwise expressly provided in this act, the valuation date of a transfer of any interest in property to take effect in possession and enjoyment after the expiration of one or more interests for a term of years, for life, or for other limited period, shall be the date such interest takes effect in possession and enjoyment. The tax shall be computed upon the value of the interest at such date. Except as otherwise expressly provided,

when the tax on the future interest is paid prior to its taking effect in possession and enjoyment, the tax shall be computed upon the value of the interest in the property at the applicable date specified in section 713 or 714, diminished by the then value of the preceding limited estate or estates, as determined under the appropriate sections of this article.

"*Comment.* This section should be considered in connection with section 651."

Sections 713 (a) and 714 (a), referred to above, both provide for prepayment of a future interest, which has not yet come into possession. The language in each section reading ". . . the personal representative or any party in interest may elect . . . to have the value of a future interest determined . . . and to pay the tax assessed thereon" clearly so indicates. The immediately following section 715 removes all doubt. It states: "An election made in accordance with section 713 or 714 shall be binding upon all parties in interest."

Inasmuch as no election was made by anyone to have the secondary life estates evaluated before the death of Ruth Whipple which terminated the primary life estate, it is obvious that the exception mentioned in the last sentence of section 506 as to payment of tax prior to the future interest coming into possession pursuant to sections 713 or 714, is not involved.

Following the suggestion of the Joint State Government Commission appended as *comment* to section 506, our attention is next directed to section 651 which reads as follows:

"*Costs; Taxes.*—All reasonable expenses of administration, incurred after assessment of the inheritance tax on prior interests, and all death taxes paid out of property supporting such prior interests, shall not be included in the appraisement in determining the value

of a future interest on the valuation date. This section shall not apply when the tax is paid under the provisions of sections 713 (a) and 714 (a)."

We may again ignore all reference to sections 713 (a) and 714 (a) because as we have shown above there was here no election to prepay taxes on the secondary life estates. Applying both sections 506 and 651 to the solution of our problem we find that the valuation date of the two secondary life estates is June 17, 1962, i.e., the date when these interests took *"effect in possession and enjoyment. The tax shall be computed upon the value of the interest at such date."* (Italics supplied.)

What was the value of the secondary life estates on June 17, 1962? Although the Federal estate tax was not yet paid, it was a debt due and payable which must be considered when computing their value. Turning again to section 651, we see it expressly provides that "all death taxes [this embraces Federal estate taxes pursuant to section 102 (7)] paid out of property supporting . . . prior interests, shall not be included in the appraisement in determining the value of a future interest on the valuation date."

What is a "future interest" as used in section 651? The 1961 law, section 102 (11.1), 72 PS §2485-102 (11.1), expressly defines future interests to include "a successive life interest", or secondary life estate, as well as a remainder. This legislative amendment, enacted July 26, 1963, P. L. 325, (after testatrix' death), was for the purpose of clarification, not revision, and hence may be relied on as a true guide line to the legislative intent when drafting the tax law in 1961. The appended comment that the "new clause is intended to insure that the tax on future limited interests, as well as the tax on remainder interests, can be prepaid under the provisions of sections 713 and 714" confirms this.

The learned hearing judge deemed the taxpayer's complaint an unwarranted attempt to equate the secondary life estates with remainder interests. If the legislature decides on such equation for inheritance tax purposes it does not lie in our province to raise any objection.

It is significant that the Commonwealth has already applied section 651 in its appraisement of these secondary life estates by deducting from the tax base the amount of transfer inheritance tax paid on the primary life estate. This, a reinterpretation by the secretary of revenue, was made by counsel for the Commonwealth in concession before the Hearing Judge and is so reported in his opinion. This tax, while computed on the amount of income paid or accrued to the primary estate, was, of course, payable out of the principal which supported the primary estate. The tax clause in the will (seventh paragraph) directs payment of "any and all . . . death taxes . . . out of the principal of my residuary estate". We hold that the Federal estate tax of $63,032.63 should be deducted from the Commonwealth's appraisement in like manner.

We see no conflict between section 622, which falls under subdivision C of art. 6 dealing with the deduction of taxes *generally*, and section 651 under subdivision E, which is concerned *specifically* with future interests and their deductible costs and taxes. Section 622 of the tax act of 1961, like section 2 of its 1919 predecessor, expressly prohibits deduction of the Federal estate tax in computing the clear value of decedent's estate. Where the will under the former law set up a future interest, however, an alert executor who delayed payment of the inheritance tax on the remainder until he had paid the Federal estate tax, managed to benefit the estate because the revenue department was precluded by case law from adding back

the Federal estate tax to the tax base: Pickering Estate, 410 Pa. 638; Oberdorfer Estate, 20 D. & C. 2d 719, 10 Fiduc. Rep. 358. Election to pay the tax on the future interest before payment and deduction of the Federal estate tax would of course expose the full value of the remainder to Pennsylvania inheritance tax. That was true under the old law and it is still true under section 651 which expressly withholds its deduction privileges from a taxpayer who has paid under section 713 or 714. It is clear that the 1961 law has given express statutory recognition and sanction to the practice which has been followed for many years by experienced tax counsel.

We have given appropriate consideration to the fact that the secondary life estates came into possession and enjoyment before the Federal estate tax was paid. Section 651 does not require prior payment and we cannot imply it from any language of the section. Were we in doubt we would still resolve the doubt in favor of the taxpayer pursuant to the well recognized rule: Pickering Estate, supra, at page 648; Paper Products Company v. Pittsburgh, 391 Pa. 87, 94; Commonwealth v. Allied Building Credits, Inc., 385 Pa. 370, 376.

Furthermore, the Constitution of Pennsylvania requires that "[a]ll taxes shall be uniform, upon the same class of subjects . . .": art. 9, sec. 1. For the court to classify future interests on the basis of whether they came into being before or after the Federal estate tax was paid would destroy uniformity. To illustrate, assume there are two identical wills, each setting up a trust for life with remainder over and where the executors in both estates pay the Federal estate tax, which is a primary debt of the estate, on the last day for payment, i.e., 15 months after the date of death. If the life tenant in the first will should die 15 months and 1 day after the testator's death, under section 651 the Federal estate tax paid the day

before clearly would not be included in computing the taxable value of the succeeding interest; on the other hand, if the life tenant of the second estate should die one day before the end of the 15 month period, presumably the Commonwealth, as here, would contend that section 651 does not permit the Federal tax to be excluded from the appraisement because the tax had not been paid at the vesting of the succeeding interest. Thus the tax on the first estate would be considerably less than the tax on the second, even though there is only a two day interval between the two life tenants' deaths, and this is the only factor distinguishing the two situations. Our holding is consistent with the rule that an interpretation of a statute which promotes uniformity is always to be preferred: Rowell's Estate, 315 Pa. 181, 187.

Accordingly, we sustain the exceptions and remit the record to the Register of Wills for reassessment of the tax in conformity with this opinion.

BOLGER, J., dissents.