D. L. Ward Co. v. Tax Review Board
(et al., Appellant).

Argued May 4, 1966. Before BELL, C. J., MUSMAN-
NO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Levy Anderson,* First Deputy City Solicitor, with
him *Edward G. Bauer, Jr.,* City Solicitor, for City of
Philadelphia, appellant.

*William G. Handfield,* with him *Bernard J. Mc-
Namee,* and *Clark, Ladner, Fortenbaugh & Young,* for
appellee.

OPINION BY MR. JUSTICE COHEN, September 27,
1966:

This is an appeal under Rule 68½ by the City of
Philadelphia from the judgment of the Court of Com-
mon Pleas No. 4 of Philadelphia County reversing the
decision of the Tax Review Board of the City of Phila-
delphia, which held that certain sales by appellee-tax-
payer were sales at retail for purposes of the Philadel-
phia Mercantile License Tax.

This tax is imposed by the City of Philadelphia upon the privilege of engaging in business in Philadelphia for gain or profit. Philadelphia Code, §19-1000. The tax is computed at the rate of three mills per dollar on the gross volume of business transacted, but a wholesale dealer or wholesale vendor may pay the tax by an alternative method of computation, permitted only to wholesalers, if the latter method is more favorable to him. §19-1003. Appellee employed this formula in determining his tax liability, and the City issued an additional assessment on the ground that appellee did not qualify as either a wholesale dealer or wholesale vendor.

Appellee is engaged in business in Philadelphia in the sale of various kinds of paper, paper products, wrapping and packaging materials. The sales in question involved paper sold (1) to customers who used it for printing or embossing for the production of pamphlets, brochures, catalogues and magazines and (2) to book publishers who printed upon it and bound it as pages in books. In each category the Tax Review Board held that the sales were at retail, but was reversed by the court of common pleas which held that they were sales at wholesale.

Section 19-1001(12) defines wholesale dealer or wholesale vendor as "Any person who sells to dealers in or vendors of goods, wares, and merchandise." All other dealers or vendors are defined by subsection (10) as retailers. In Pennsylvania, ". . . the test of a wholesale dealer is whether its customer buys for the purpose of reselling." *Brown & Zortman Machinery Company v. Pittsburgh,* 375 Pa. 250, 256, 100 A. 2d 98, 102 (1953). In *Kerchner, Marshall & Company v. Pittsburgh,* 406 Pa. 158, 176 A. 2d 645 (1962), we decided that the sale of mineral and metal products to manufacturers of iron, steel and glass products constituted a sale at retail because the customers of the taxpayer

did not resell the purchased products either in the same condition or as the same product. We stated that "... the determination of whether a transaction is wholesale or retail should be made by reference to what the buyer does with the product. ..." 406 Pa. at 161, 176 A. 2d 647. If the taxpayer's customers consume the materials in the production of different products, they are not vendors of the goods which they buy from the taxpayer; and the taxpayer is a retail seller. Indeed, this is so even where the material purchased from the taxpayer and used to make a new and different product is identifiable in the end product.

In the present case, when the paper was resold with printing or embossing upon it in the form of pamphlets, brochures, catalogues and magazines, or as pages in a book, the paper was not the same product nor was it in the same condition as the product which the taxpayer had sold to its customer. Furthermore, even though the paper was readily identifiable in the finished article, unlike the components of steel or glass, it was not the subject of the sale. The purchasers from the taxpayer's customers did not buy paper. Rather, they purchased a new and totally different product, given a new value and utility by virtue of the reproductions placed upon them or by their placement within the binding of a book.

Accordingly, we determine that the taxpayer is a seller at retail under the Philadelphia Mercantile License Tax Ordinance.

Judgment reversed without interest or penalty.

Mr. Chief Justice BELL dissents.