Jones & Brown, Inc. *v.* Pittsburgh, et al.
(2 cases)
Jones & Brown, Inc. *v.* School District of
Pittsburgh, et al. (2 cases)

Argued October 30, 1972, before President Judge
BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKIN-
SON, JR., MENCER, ROGERS and BLATT.

564

*William W. Scott, Jr.,* with him *Thorp, Reed, & Armstrong,* for appellant.

*Grace S. Harris,* Special Assistant City Solicitor, with her *Ralph Lynch, Jr.,* City Solicitor, *Bernard Markovitz,* Assistant Solicitor, School District of Pittsburgh, and *Justin M. Johnson,* Solicitor, School District of Pittsburgh, for appellee.

OPINION BY JUDGE WILKINSON, November 27, 1972:

These four cases involve refunds claimed by appellant on Mercantile License Taxes paid to the City of Pittsburgh and the School District of Pittsburgh for the years 1962 and 1963. Appellant filed tax returns for these two years on the basis that all its sales were at wholesale. The taxing authorities reclassified some of the sales to be at retail which carried a higher rate.

There is no substantial dispute on the facts. Appellant sells building supplies to lumber yards for resale by the lumber yards in the usual and customary manner. There is no question that these sales are at wholesale. Appellant also sells the same building supplies at the same wholesale prices to contractors. It is these sales that are in dispute.

We quote from the opinion of Judge LENCHER of the court below:

"The evidence as presented at the hearing of October 29, 1964, discloses and we find that the contractor canvasses prospective customers for specific complete jobs. Prior to the time Jones and Brown, Inc., enters the picture, the contractor, (the vendee of petitioner) and home owners discuss materials, colors, measurements and specifications. When all is agreed upon, the oral discussions are put down on paper in contract form. At no time does the home owner have a voice in designating the supplier of the material. He cannot buy labor without material. The contract price is one figure without any breakdown of the various cost of items making up the complete job.

"Only after the contract is executed does the contractor contact this petitioner to order the various items making up 'the job.' Included therein could be the siding, nails, molding, etc. If a window or door is included in the job, petitioner supplies same in a disassembled condition. Lengths of rainware can be supplied along with all of the accessories necessary for installation. Even the tools necessary for cutting, shaping and installation can be supplied by the taxpayer.

"Once applied to the wall, individual items are lost in their separate form. No longer can the siding be separated from the wall without destruction of the product. Once the siding is cut and shaped for a particular area, it cannot be used elsewhere.

"Basically what the contractor is selling is his service, *not* the component parts. Whatever material is purchased from Jones and Brown, Inc., is not sold specifically as such, but is included as a raw material in the overall price of the product he is selling, i.e., 'the job.'

"That is to say, our question may thus be phrased, does the petitioner's vendee so change, alter and/or con-

sume the building materials in the creation of his completed construction, including design, labor and materials, as to change the identity of the product sold, thereby placing petitioner in the category of retail merchant under the law governing mercantile sales? Under the applicable Mercantile Tax Acts a wholesale dealer is defined as 'any person who sells to dealers or vendors of goods, wares and merchandise and to no other person.'

"From this general definition it is apparent that the answer to the question of whether Jones and Brown sells at wholesale or retail lies in a close perusal of the activities of *its* vendee, namely, 'the home improvement trade.' In the event said vendee buys to sell again, then petitioner is a wholesaler. Brown & Zortman Machinery Co. v. City of Pittsburgh, 375 Pa. 250, 100 A. 2d 98 (1953). However, if the taxpayer's customers buy to consume the materials in the production of different products, they are not vendors of the specific goods which they buy and the taxpayer is a retail dealer. Kercher Marshall & Co. v. City of Pittsburgh, 406 Pa. 158, 176 A. 2d 645 (1962).

"In explanation our Supreme Court held in Commonwealth v. Lutz, 284 Pa. 184, 130 A. 419 (1925) : 'A craftsman is not a dealer because he is not one who buys to sell again in the sense that a merchant buys to sell.'

"When the taxpayer's customers do not sell the specific article as such, when they, as craftsmen, furnish a design, carry through a contract to install and impose the result on or in an ultimate customer's premises, the taxpayer at bar is and remains a retailer. He has sold a thing which then goes through rearrangement, fusion and merger as part of the customer's design and contract. The taxpayer has sold something that is not sold again in the state in which it was bought.

"In D. L. Ward Co. v. Tax Review Bd. et al., 222 A. 2d 923, 422 Pa. 584 (1966), the same question presented itself. There the taxpayer sold paper to companies which used it in the production of books, pamphlets, magazines, etc. The taxpayer argued the paper itself was readily ascertainable with the only change being to size and the words printed.

"In rejecting this argument the Supreme Court stated: '. . . the paper was not the same product nor was *it* in the same condition as the product which the taxpayer had sold to its customer. Furthermore, even though the paper was readily identifiable in the finished article, unlike the components of steel or glass, it was not the subject of the sale. The purchasers from the taxpayer's customers did not buy paper. Rather they purchased a new and totally different product, given a new value and utility by virtue of the reproductions placed upon them or by their placement within the binding of a book.'

"Applying these teachings to the case at hand, it is clear that the petitioner is a dealer at retail."

Able counsel for appellant relies heavily on the case of *Kohn v. Philadelphia*, 151 Pa. Superior Ct. 635, 30 A. 2d 672 (1943), wherein it was held that sales of plumbing fixtures to a plumber who then installed them in his customer's building were sales at wholesale. However, the Superior Court in the *Kohn* opinion makes it quite clear that the instant case would be decided differently. In the *Kohn* case, the court stated: "The fixtures were not changed in form or appearance by the plumber, but were installed in exactly the same form in which they were purchased, and remained separately identifiable after installation, although they may have become part of the real estate to which they were affixed." 151 Pa. Superior Ct. at 637, 30 A. 2d at 673.

The other case relied upon by appellant is *Commonwealth v. Pennsylvania Heat & Power Company*, 333 Pa. 46, 3 A. 2d 412 (1939). That was a case where the business of the taxpayer was the purchase of oil burners and parts and reselling the articles purchased and installing them. Neither the character nor form of the oil burner, like the plumbing fixture, was changed by the installation.

In the instant case, the materials purchased from appellant by the contractors were substantially changed and indeed were used as parts to assemble a "new product" or "job." This could be compared to a house painter who contracts to paint a home. The paint the contractor purchases, perhaps at wholesale prices, is not for resale to the owner of the home being painted, but is rather for the painter's use in performing his task. Perhaps in terms more closely identified with the instant case, the transaction might be compared to the artist who contracts to paint a portrait. Again, as a professional, he might purchase his canvas and paints at wholesale prices, but they are not for resale to his customer. What he sells his customer is a portrait. Both the painter's purchases at wholesale prices were, in fact, retail purchases as were the purchases from appellant in the instant case.

Judgment affirmed.

———

CONCURRING OPINION BY JUDGE KRAMER:

Although I concur in the opinion of the majority written by my brother Judge WILKINSON, I believe I must add that the taxpayer had the burden of proving that its home improvement contractor-vendees were reselling the items purchased from the taxpayer. It failed to do so in this record.

We can take judicial notice of the fact that some home improvement contractors deal in what is known

as a "time and material" contract. Under such contracts the contractor spells out the fact that, in addition to a charge for labor at a stated cost per hour or day, all items (such as those sold by this taxpayer) used in the construction, alteration or repair job are to be billed to the homeowner at the cost to the contractor plus a stated percentage of profit. This type of contractual arrangement is quite common. Under such facts I would hold this taxpayer to be selling at wholesale. In any event the burden of proving these facts falls upon the taxpayer. Therefore I concur.