Busy Beaver Building Centers, Inc., Appellant *v.* The School District of Pittsburgh, The City of Pittsburgh and Joseph L. Cosetti, Treasurer of the School District of Pittsburgh and the City of Pittsburgh, Appellees.

Argued May 6, 1976, before Judges CRUMLISH, JR., WILKINSON, JR., and BLATT, sitting as a panel of three.

*Edward J. Van Allem,* with him *Kirkpatrick, Lockhart, Johnson & Hutchison*, for appellant.

*Grace S. Harris,* Assistant City Solicitor, with her *Mead Mulvihill, Jr.,* Solicitor, City of Pittsburgh, and *Ronald F. Talarico,* Assistant Solicitor and *Justin M. Johnson*, Solicitor, Board of Public Education of the School District of Pittsburgh, for appellees.

OPINION BY JUDGE WILKINSON, June 24, 1976:

The issue presented in this tax appeal from the Court of Common Pleas of Allegheny County is whether appellant made certain sales as a "wholesale deal-

er or vendor" or as a "retail dealer or vendor," as those terms are used in the Act of June 20, 1947, P.L. 745, *as amended*, 24 P.S. §582.1 et seq., and in Pittsburgh City Ordinance No. 595 of 1970, *as amended*, enacted pursuant to The Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257, *as amended*, 53 P.S. §6901 et seq. The court below adopted the contention of the appellees that appellant made the sales as a retail dealer or vendor and affirmed a decision of the appellee Treasurer assessing appellant additional mercantile taxes.

Appellant is, *inter alia*, a distributor of assembled and prefinished kitchen and bathroom cabinet units manufactured by other corporations. During the years 1969, 1970, and 1971, appellant sold and distributed such cabinets to building contractors who installed them in homes and apartment units they were constructing for others. For such transactions occurring within the City of Pittsburgh, appellant filed mercantile tax returns with the appellee City for the years 1971 and 1972 and with the appellee School District for the years 1970, 1971, and 1972, paying such taxes at wholesale rates.[1] However, in 1972, appellant was audited and notified that it should have filed its tax returns at retail rates, which were twice the wholesale, and assessed accordingly.

Under the Act of June 20, 1947, 24 P.S. §582.1 et seq., the appellee School District is authorized to levy, assess, and collect mercantile taxes on, *inter alia*, wholesale dealers and vendors at a rate of one-half mill on each dollar of annual gross business transacted, and on retail dealers and vendors at a rate of one mill. Wholesale and retail dealers and vendors are

---

[1] The mercantile tax for each of these years was computed on the actual gross amount of business transacted during the previous calendar year.

defined under Sections 1(2) and 1(3) of the Act, 24 P.S. §§582.1(2)-(3), as follows:

"(2) 'Wholesale dealer' or 'Wholesale vendor' shall mean any person who sells to dealers in, or vendors of, goods, wares and merchandise and to no other persons.

"(3) 'Retail dealer' or 'Retail vendor' shall mean any person who is a dealer in, or vendor of, goods, wares and merchandise who is not a wholesale dealer or vendor."

Under Ordinance No. 595 of 1970, *as amended,* the appellee City, for the years in question, was also empowered to levy, assess and collect such mercantile taxes, however, at wholesale and retail rates of one and two mills respectively. The Ordinance also defined wholesale and retail dealers and vendors in essentially identical terms, for the purposes of this appeal, as those quoted above.

To determine whether a taxpayer who sells products is a wholesale dealer or vendor under the foregoing definitions, reference must be made to what the vendee of the taxpayer does with the products. *Kerchner, Marshall & Co. v. Pittsburgh,* 406 Pa. 158, 176 A.2d 645 (1962); *Paper Products Co. v. Pittsburgh,* 391 Pa. 87, 137 A.2d 253 (1958). If the vendee purchases for the purpose of reselling, he is a dealer and the taxpayer is a wholesaler. *Paper Products Co. v. Pittsburgh, supra.* However, if the vendee purchases the products for consumption in the making of an entirely different product to be sold, he is not buying to resell. Consequently, the vendee, in that situation, is not a dealer and the taxpayer is not a wholesaler, but a retailer. *D. L. Ward Co. v. Tax Review Board,* 422 Pa. 584, 222 A.2d 923 (1966); *Kerchner, Marshall & Co. v. Pittsburgh,* supra; *Jones & Brown, Inc. v. Pittsburgh,* 6 Pa. Commonwealth Ct. 563, 297 A.2d 535 (1972).

The court below held, citing *D. L. Ward Co. v. Tax Review Board, supra,* and the appellees argue, relying primarily on *D. L. Ward Co.* and *Jones & Brown, Inc. v. Pittsburgh, supra,* that the vendees of appellant, the building contractors, purchased the cabinet units not for resale but for the construction of new and entirely different products—homes and apartment units. Accordingly, the court concluded and the appellees contend that the contractors were not dealers of such cabinets, thus exposing appellant to mercantile tax liability as a retailer.

We cannot agree. The cabinet units were sold and distributed by appellant to building contractors who received them in an assembled and prefinished condition. Indeed, drawers, doors, sinks, and hardware were attached to the units. Installation of the cabinets by the contractors into the homes and apartment units they were constructing consisted of leveling and fastening the cabinets to walls with nails and screws without making any alterations or modifications thereto.

Under these circumstances, we cannot accept that such assembled and prefinished units, by merely being affixed to the walls of homes and apartments, lost their essential identity as did the paper in *D. L. Ward Co. v. Tax Review Board, supra,* which was used in the production of books, magazines, and pamphlets, or as did the nails, molding, siding, and other such materials in *Jones & Brown, Inc. v. Pittsburgh, supra,* which were rearranged, fused, and merged into various home improvements. The reasoning implicit in the opinion of the lower court and asserted by appellee is that kitchen and bathroom cabinets are components of a modern home and apartment, like nails and lumber, which, when installed, become indistinguishable from the home or apartment. Such cabinets, however, do not go to the habitability of a home or apartment. They go more to the convenient and efficient utiliza-

tion of space provided within the kitchen and bathroom areas. Consequently, kitchen and bathroom cabinets are not such parts of a home or apartment which are subsumed therein, but are separately recognizable units which are in addition thereto.

Moreover, we note that if there is any reasonable doubt, the definition of "wholesale dealer or vendor" must be strictly construed in favor of the appellant taxpayer and most strongly against the appellee taxing authorities. *See* Statutory Construction Act of 1972, 1 Pa. C.S. §1928(b)(3); *Paper Products Co. v. Pittsburgh, supra.* Accordingly, we conclude that the building contractors were dealers, purchasing the cabinet units from appellant for resale to the buyers of homes and apartment units they were constructing, and, therefore, hold that appellant was a wholesale dealer or vendor of such units.

In so deciding, we reject appellees' contention that the failure of the building contractors to maintain inventories of cabinet units precluded their being dealers. A person can buy and resell without inventories. *Brown & Zortman Machinery Co. v. Pittsburgh,* 375 Pa. 250, 100 A.2d 98 (1953). We also reject appellees' argument that the failure of the contractors to specifically charge buyers of homes and apartment units for the cabinets establishes that the contractors were not selling the cabinets per se. A specific charge need not be made where the cost of a product is included in the price of others sold therewith. *Paper Products Co. v. Pittsburgh, supra.* Here, the record demonstrates that the price of the cabinets was included in the price of the homes and apartment units. Indeed, an allowance for cabinet costs was frequently specified by the contractors to their buyers.

We have carefully considered the other contentions of the parties but find them sufficiently without merit to warrant further discussion.

Accordingly, we reverse the order of the court below.

Judge KRAMER did not participate in the decision in this case.