A. F. Willis, d/b/a Penn Distributing Company v. City of Pittsburgh, a Municipal Corporation and The School District of Pittsburgh, an Agency of the Commonwealth and Joseph L. Cosetti, Treasurer of The City of Pittsburgh, and The School District of Pittsburgh. City of Pittsburgh, School District of Pittsburgh and Joseph L. Cosetti, Appellants.

Argued May 5, 1977, before Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three. Judge KRAMER did not participate in the decision.

*Grace S. Harris,* Executive Assistant Solicitor, with her *Mead J. Mulvihill, Jr.,* City Solicitor; *Justin M. Johnson,* School District Solicitor; *Ronald F. Talarico,* Assistant School District Solicitor, for appellants.

*John P. Papuga,* with him *Tucker, Arensberg & Ferguson,* for appellee.

OPINION .BY JUDGE CRUMLISH, JR., September 27, 1977:

The City of Pittsburgh and the School District of Pittsburgh (Appellants) appeal the decision of the court of common pleas holding that A. F. Willis, d/b/a Penn Distributing Company (Appellee), is taxable as a wholesale vendor with respect to its sales to institutions pursuant to Appellants' mercantile tax assessments.

As stated by the court below, the disputed transactions involve the "sales of novelty items including carnival prizes, bingo game cards, and party hats" to various nonprofit organizations.

The City's tax is levied by Ordinance No. 595 of 1970, as amended by Ordinance No. 602 of 1972, pursuant to power granted by The Local Tax Enabling

Act (Act), Act of December 31, 1965, P.L. 1257, *as amended*, 53 P.S. §6901 et seq. The School District's mercantile license tax is authorized by the Act of June 20, 1947, P.L. 745, 24 P.S. §582.1 et seq.

Ordinance No. 595 contains the following definitions:

(b) 'Wholesale Dealer' or 'Wholesale Vendor' shall mean any person who sells to dealers in or vendors of goods, wares and merchandise and to no other persons, whether or not such vending or dealing is the primary business activity.

(c) 'Retail Dealer' or 'Retail Vendor' shall mean any person who is a dealer in or vendor of goods, wares and merchandise, who is not a wholesale dealer or vendor, whether or not such vending or dealing is the primary business activity.

Under Section 1 of the Act of June 20, 1947, 24 P.S. §582.1, the following definitions apply:

(2) 'Wholesale dealer' or 'Wholesale vendor' shall mean any person who sells to dealers in, or vendors of, goods, wares and merchandise and to no other persons.

(3) 'Retail dealer' or 'Retail vendor' shall mean any person who is a dealer in, or vendor of, goods, wares and merchandise who is not a wholesale dealer or vendor.

. . . .

(5) The terms 'Person,' . . . *'Dealer in,* or *vendor of,* goods, wares and merchandise' shall not include nonprofit corporations or associations organized for religious, charitable or educational purposes. (Emphasis added.)

As we interpret Section 1 above of the Act of June 20, 1947, nonprofit organizations are precluded from

the definition of retail dealer or vendor in subsection
(5) and, hence, one who sells to a nonprofit organization is excluded from the definition of "wholesale dealer" or "wholesale vendor." The Statutory Construction Act of 1972, 1 Pa. C.S. §1921, declares that:

> (a) ... Every statute shall be construed, if possible, to give effect to all its provisions.
>
> (b) When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

We must conclude, therefore, that one who sells to nonprofit organizations is excluded by the Act itself from the category of wholesale dealers or wholesale vendors and is properly subject to the School District's retail vendor's rate of tax.

Construing the ordinance imposing the *City's* mercantile tax assessments is a more difficult matter of interpretation, requiring additional analysis since an exclusion of nonprofit organizations similar to the one contained within the statute imposing the School District's tax is not provided in Ordinance No. 595.

However, in *Paper Products Co. v. Pittsburgh,* 391 Pa. 87, 137 A.2d 253 (1958), our Supreme Court considered the characterization of "gross sales to various institutions such as hospitals, municipalities and the like" under the then-existing mercantile licensing tax provision. The Court there stated:

> These are not vendors or dealers, in the ordinary meaning of these words or within the meaning and intent of the statute. We agree with the taxing authorities . . . that as to these sales . . . , Paper Products Company was a retailer. . . . (Citation omitted.)

391 Pa. at 92, 137 A.2d at 256.

Clearly, this language is applicable to the sales to nonprofit institutions at issue here, and we must conclude

that, as with the sales categorized as retail under the Act, these same sales must likewise be considered retail within the meaning and intent of the current ordinance imposing the City's tax.

Appellee suggests that if the additional tax becomes due, penalties and interest should be excused. In *Xerox Corp. v. City of Pittsburgh,* 15 Pa. Commonwealth Ct. 411, 327 A.2d 206 (1974), the city treasurer issued improper rulings which had a resulting tendency to mislead the taxpayer in that case. Citing *Brown & Zortman Machinery Co. v. Pittsburgh,* 375 Pa. 250, 100 A.2d 98 (1953), upon which Appellee relies here, we held that despite the erroneous ruling of the taxing authorities, the taxpayer was liable for interest calculated from the due date of the tax. *See also Kerchner, Marshall & Co. v. Pittsburgh,* 406 Pa. 158, 176 A.2d 645 (1962). On the other hand, the taxpayer was found not liable for the penalty assessed for the period that he had acted in reliance upon the incorrect rulings of taxing authority.

In the case at hand, the taxpayer has pointed to no advice or ruling of Appellants upon which it can claim it has justifiably relied. *See Schomaker v. Pittsburgh,* 207 Pa. Superior Ct. 199, 215 A.2d 279 (1965). Moreover, Section 13 of the Act, 53 P.S. §6913, and Section 9(b) of the Act of June 20, 1947, 24 P.S. §582.9 (b), provide that both interest and penalties shall be added to the tax "[i]f for *any* reason the tax is not paid when due." (Emphasis added.)

Accordingly, we

### ORDER

AND Now, this 27th day of September, 1977, the order of the Court of Common Pleas of Allegheny County is reversed and Appellee, A. F. Willis, d/b/a Penn Distributing Company, is ordered to pay the tax deficiency for the years 1971-1975, in accord with the

treasurer's assessment dated November 12, 1975, together with interest and penalties thereon.

Judge KRAMER did not participate in the decision in this case.