434

Genuine Motor Parts of Pa., Inc., a Corporation, Appellant *v.* The City of Pittsburgh, a municipal corporation, School District for the City of Pittsburgh and Joseph L. Cosetti, Treasurer, Appellees.

Argued May 7, 1979, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Edward Goldberg,* with him *George H. Hoffman,* for appellant.

*Grace S. Harris,* Executive Assistant Solicitor, with her *Mead Mulvihill, Jr.,* Solicitor, City of Pittsburgh; *Justin M. Johnson,* Solicitor, *Ronald F. Talarico,* Assistant Solicitor, School District of Pittsburgh, for appellees.

OPINION BY JUDGE ROGERS, June 20, 1979:

Genuine Motor Parts of Pa., Inc. has appealed from an order of the Court of Common Pleas of Allegheny County upholding the assessment against it of City of Pittsburgh and School District of Pittsburgh mercantile license taxes and City business privilege taxes for the years 1971 through 1975, with penalty and interest.

The taxpayer is a Pennsylvania corporation which sells automotive and industrial parts and rebuilds and reconditions internal combustion engines and other heavy equipment. The City's business privilege tax and its mercantile license tax are imposed by ordinances on the authority given by The Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. §6901 et seq. The School District's mercantile license tax is by authorization of the Act of June 20, 1947, P.L. 745, *as amended,* 24 P.S. §582.1 et seq. After hearing, the City Treasurer upheld the several assessments and the taxpayer filed a timely statutory appeal to the court below.

The taxpayer first asserts that the court below erred in deciding that it, the taxpayer, was not en-

gaged in manufacturing as that term is used—but not defined—in The Local Tax Enabling Act and that the court therefore incorrectly held that its engine rebuilding operations were subject to the City's taxes. In *Golden Triangle Broadcasting, Inc. v. City of Pittsburgh*, 31 Pa. Commonwealth Ct. 547, 377 A.2d 839 (1977), we held that in the absence of a statutory definition of the term manufacturing, the case law definition applies. In essence, case law defines manufacturing as such application of labor and skill to an article as to cause it to undergo a substantial change in form, qualities and adaptability and to become a new, different and useful article.

We have recently decided that tangible personal property used in operations materially identical to those engaged in by the appellant in its business of rebuilding engines were not used in manufacturing as that term is defined by the Tax Reform Code of 1971 (Code), Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §7101 et seq. *Beckwith Machinery Company v. Commonwealth*, 35 Pa. Commonwealth Ct. 138, 385 A.2d 605 (1978). Section 201 of the Tax Reform Code, 72 P.S. §7201, defines manufacture as:

> The performance of manufacturing, fabricating, compounding, processing or other operations, engaged in as a business, which place any personal property in a form, composition or character different from that in which it is acquired whether for sale or use by the manufacturer. . . .

Since the case law and Tax Reform Code definitions of manufacturing are materially identical, *Beckwith, supra,* is controlling authority in favor of the City's position that the taxpayer's engine rebuilding operation was not beyond the reach of its taxes.

The taxpayer next asserts that the court below erred in holding that it was a retailer rather than a

wholesaler and thus subject to the higher rates imposed on retailers. The City mercantile license tax ordinance and the Act of June 20, 1947, P.L. 745, on which the School District's mercantile license tax is based, define wholesale dealer or vendor as "any person who sells to dealers in, or vendors of, goods, wares and merchandise and to no other persons." A retail dealer or vendor is "any person who is a dealer in, or vendor of, goods, wares and merchandise, who is not a wholesale dealer or vendor."

> To determine whether a taxpayer who sells products is a wholesale dealer or vendor under the foregoing definitions, reference must be made to what the vendee of the taxpayer does with the products. If the vendee purchases for the purpose of reselling, he is a dealer and the taxpayer is a wholesaler. However, if the vendee purchases the products for consumption in the making of an entirely different product to be sold, he is not buying to resell. Consequently, the vendee in that situation is not a dealer and the taxpayer is not a wholesaler, but a retailer. (Citations omitted.)

*Busy Beaver Building Centers, Inc. v. School District of Pittsburgh,* 25 Pa. Commonwealth Ct. 289, 292, 360 A.2d 781, 783 (1976). The taxpayer's business consisted of an exclusive distributorship within a 150 mile radius of Pittsburgh for four major manufacturers of engines, the sales of new parts, and the reconditioning of engines. There is no evidence that the vendees of Genuine's ware bought for the purpose of resale and we, therefore, agree with the lower court's conclusion that taxpayer was a retail vendor.

The taxpayer's final contention is that it should not have been held liable for penalties. The two City ordinances provide: "If for *any* reason, the tax is not paid when due . . . an additional penalty of one-half

438

of one per centum (½%) of the amount of the unpaid tax for each month or fraction thereof during which the tax remains unpaid, shall be added and collected." (Emphasis added.) The Act of June 20, 1947 contains substantially identical language.

Case law with respect to the City's mercantile license tax is that the assessment of penalties is required unless the taxpayer can point to advice or rulings by the taxing authorities upon which the taxpayer justifiably relied. *Willis v. City of Pittsburgh*, 32 Pa. Commonwealth Ct. 63, 377 A.2d 1064 (1977). The taxpayer argues that it relied on the City's granting it wholesale mercantile licenses and on an audit of its taxes conducted by the City in 1963 in which its payment of tax at wholesaler's rates was not questioned. We do not believe that either action is the equivalent of advice or ruling by the taxing authorities.

Order affirmed.

ORDER

AND Now, this 20th day of June, 1979, the order of the Court of Common Pleas of Allegheny County is hereby affirmed.